IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § § § | |
| Plaintiff, | § § | CAUSE NO.  4:11-cv-00122 |
| v. | § § § | |
| FORD MOTOR COMPANY; CHRYSLER GROUP LLC; TOYOTA MOTOR SALES, USA, INC.; AMERICAN HONDA MOTOR CO., INC.; NISSAN NORTH AMERICA, INC.; MERCEDES-BENZ USA, LLC; BMW OF NORTH AMERICA, LLC; KIA MOTORS AMERICA, INC.; HYUNDAI MOTOR AMERICA; MAZDA MOTOR OF AMERICA, INC.; MITSUBISHI MOTORS NORTH AMERICA, INC.; SAAB CARS NORTH AMERICA, INC.; SUBARU OF AMERICA, INC.; AND AMERICAN SUZUKI MOTOR CORP.; | § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff files this Amended Complaint for patent infringement against FORD MOTOR COMPANY; CHRYSLER GROUP LLC; TOYOTA MOTOR SALES, USA, INC.; AMERICAN HONDA MOTOR CO., INC.; NISSAN NORTH AMERICA, INC.; MERCEDES-BENZ USA, LLC; BMW OF NORTH AMERICA, LLC; KIA MOTORS AMERICA, INC.; HYUNDAI MOTOR AMERICA; MAZDA MOTOR OF AMERICA, INC.; MITSUBISHI MOTORS NORTH AMERICA, INC.; SAAB CARS NORTH AMERICA, INC.; SUBARU OF

1

AMERICA, INC.; and AMERICAN SUZUKI MOTOR CORP. and for its cause of action states the following:

## THE PARTIES

1.      Plaintiff RYDEX, LTD. ("RYDEX") is a company organized under the laws of the State of Iowa.  Rydex's principal place of business is Mitchellville, Iowa.

2.      On information and belief, Defendant FORD MOTOR COMPANY ("FORD") is a corporation incorporated under the laws of the State of Delaware and has a place of business in Dearborn, Michigan.

3.      On information and belief, Defendant CHRYSLER GROUP LLC ("CHRYSLER") is corporation existing under the laws of the State of Delaware and has a place of business in Auburn Hills, Michigan.

4.      On information and belief, Defendant TOYOTA MOTOR SALES, USA, INC. ("TOYOTA") is a corporation existing under the laws of the State of California and has a place of business in Torrance, California.

5.      On information and belief, Defendant AMERICAN HONDA MOTOR CO., INC. ("HONDA") is a corporation existing under the laws of the State of California and has a place of business in Torrance, California.

6.      On information and belief, Defendant NISSAN NORTH AMERICA, INC.. ("NISSAN") is a corporation existing under the laws of the State of California and has a place of business in Franklin, Tennessee.

7.      On information and belief, Defendant MERCEDES-BENZ USA, LLC ("MERCEDES") is a corporation existing under the laws of the State of Delaware and has a place of business in Montvale, New Jersey.

8. On information and belief, Defendant BMW OF NORTH AMERICA, LLC ("BMW") is a corporation existing under the laws of the State of Delaware and has a place of business in Westwood, New Jersey.

9. On information and belief, Defendant KIA MOTORS AMERICA, INC. ("KIA") is a corporation existing under the laws of the State of California and has a place of business in Irvine, California.

10. On information and belief, Defendant HYUNDAI MOTOR AMERICA ("HYUNDAI") is a corporation existing under the laws of the State of California and has a place of business in Fountain Valley, California.

11. On information and belief, Defendant MAZDA MOTOR OF AMERICA, INC. ("MAZDA") is a corporation existing under the laws of the State of California and has a place of business in Irvine, California.

12. On information and belief, Defendant MITSUBISHI MOTORS NORTH AMERICA, INC. is a corporation existing under the laws of the State of California and has a place of business in Cypress, California.

13. On information and belief, Defendant SAAB CARS NORTH AMERICA, INC. ("SAAB") is a corporation existing under the laws of the State of Delaware and has a place of business in Detriot, MI.

14. On information and belief, Defendant SUBARU OF AMERICA, INC. ("SUBARU") is a corporation existing under the laws of the State of New Jersey and has a place of business in Cherry Hill, New Jersey.

15. On information and belief, Defendant AMERICAN SUZUKI MOTOR CORP. ("SUZUKI") is a corporation existing under the laws of the State of California and has a place of business in Brea, California.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas and in this district.

18. Further, venue in this action is appropriate and convenient because this Court previously heard two cases for infringement of the same patent at issue in this case: *Rydex, Ltd. v. Exxon Mobil Corp.*, 4:09-cv-2722 and *Rydex, Ltd. v. Visa, Inc., et al.*, 4:10-cv-0267.

**INFRINGEMENT OF U.S. PATENT NO. 5,204,819**

19. On April 20, 2003, United States Letters Patent No. 5,204,819 (the "'819 patent") was duly and legally issued to Michael C. Ryan for an invention titled *Fluid Delivery Control Apparatus*. The '819 Patent was the subject of a reexamination proceeding that culminated on November 21, 2006 with the issuance of an *ex parte* reexamination certificate. On or about August 21, 2009, Mr. Ryan assigned all rights, title and interest in and to the '819 Patent to RYDEX. RYDEX remains the sole assignee of the '819 Patent. A true and correct copy of the '819 Patent is attached as Exhibit A to this Complaint.

20. The '819 Patent relates generally to an apparatus for controlling the delivery of a fluid to a container or reservoir and, more specifically, to an apparatus for the exchange of security, identification, and transaction information between a container, such as a vehicle fuel tank or other fluid storage tank, and a fluid delivery system, such as a fuel pump and fuel lines.

21. RYDEX, LTD. is owned and operated by its President and CEO Michael Ryan. Mr. Ryan originally conceived of the invention claimed in the '819 Patent to prevent fuel theft in his construction business. RYDEX was formed to build, promote, capitalize and apply the unique solutions Mr. Ryan conceived in using RFID in fluid delivery control.

22. To the extent they are and/or were required to do so, RYDEX and Michael C. Ryan have complied with the statutory requirements of 35 U.S.C. § 287(a) at least by placing a

notice of its '819 Patent on all products they manufactured or sold and have given Defendants written notice of their infringement.

23. On information and belief, all Defendants named herein have infringed the '819 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

24. On information and belief, FORD has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

25. On information and belief, CHRYSLER has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

26. On information and belief, TOYOTA has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle

key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

27. TOYOTA's infringement of RYDEX's '819 patent is wilfull. TOYOTA has been aware of and has had knowledge of the '819 patent since at least February 27, 2007 and has, from at least that date, continued to make, use, sell and offer for sale products and apparatuses that infringe the '819 patent.

28. On information and belief, HONDA has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

29. On information and belief, NISSAN has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

30. On information and belief, MERCEDES has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

31. On information and belief, BMW has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

32. On information and belief, KIA has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

33. On information and belief, HYUNDAI has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

34. On information and belief, MAZDA has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

35. On information and belief, MITSUBISHI has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

36. On information and belief, SAAB has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

37. On information and belief, SUBARU has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

38. On information and belief, SUZUKI has infringed the '819 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States apparatuses which comprise which comprise an RFID tag or chip in a vehicle key, where in the key with the ignition system of a vehicle to cause the fuel pump of the vehicle to provide fuel to said vehicle and which are covered by one or more claims of the '819 patent.

39. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, RYDEX reserves the right to request such a finding at time of trial.

40. As a result of Defendants' infringing conduct, Defendants have damaged RYDEX. Defendants are liable to RYDEX in an amount that adequately compensates RYDEX for their infringement, which, by law, can be no less than a reasonable royalty.

## JURY DEMAND

RYDEX demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

A. Plaintiff seeks a declaration that the Defendants have infringed United States Patent No. 5,204,819.

B. Plaintiff seeks an award of damages arising out of Defendants' infringement of United States Patent No. 5,204,819, together with prejudgment and post-judgment interest, in an amount according to proof.

C. Plaintiff seeks an award of their attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D. Plaintiff seeks an order permanently enjoining Defendants and their respective officers, agents, employees and those acting in privity with them, from further infringement of United States Patent No. 5,204,819.

E. Plaintiff seeks such other and further relief as the Court may deem just and proper.

DATED: May 23, 2011                    Respectfully submitted,


                                          /s/ Stephen F. Schlather
                                          Stephen F. Schlather
                                          Texas Bar No. 24007993
                                          COLLINS, EDMONDS & POGORZELSKI, PLLC
                                          1616 S. Voss Rd., Suite 125
                                          Houston, Texas 77057
                                          (713) 364-2371 – Telephone
                                          (832) 415-2535 – Facsimile

                                          Edward W. Goldstein- Lead Attorney
                                          Texas Bar No. 08099500
                                          GOLDSTEIN & VOWELL LLP
                                          1177 West Loop South, Suite 400
                                          Houston, TX 77027
                                          Telephone: (713) 877-1515
                                          Facsimile:  (713) 877-1737
                                          Email: egoldstein@gviplaw.com

                                          ATTORNEYS FOR PLAINTIFF,
                                          RYDEX, LTD.


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 23, 2011.  Any other counsel of record will be served by first class U.S. mail.

                                          /s/ Stephen F. Schlather
                                          Stephen F. Schlather