IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § | |
| | § | |
| Plaintiff, | § | CAUSE NO.: 4:11-cv-0122 |
| | § | |
| v. | § | |
| | § | |
| GENERAL MOTORS LLC, | § | |
| ET AL. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ANSWER TO DEFENDANT TOYOTA'S COUNTERCLAIMS

Michael C. Ryan ("Ryan") and Rydex, Ltd. (collectively, "Rydex"), by and through their undersigned counsel, hereby answer the counterclaims of Toyota Motor Sales, U.S.A., Inc. ("Toyota"), and states as follows:

### THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The allegations contained in ¶6 are irreconcilably vague. To the extent Plaintiff understands the allegations in ¶6, Plaintiff denies such allegations.

## JURISDICTION AND VENUE

7. Rydex admits that this action purports to be a declaratory judgment in which there is a case or controversy relating to U.S. Patent No. 5,204,819 C1 (the "reexamined '819 Patent"). Rydex denies the remainder of the allegations of ¶7.

8. Admitted.

9. Admitted.

10. Admitted.

11. Ryan admits that the Court has personal jurisdiction over him for purposes of this action. Rydex denies the remainder of the allegations of ¶11.

## STATEMENT OF FACTS

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Admitted.

17. Admitted.

18. Rydex admits that one embodiment of U.S. Patent No. 5,204,819 (the "'819 Patent") is directed to a system that authorizes and records fuel purchase transactions. Rydex denies the remainder of the allegations of ¶18. Rydex admits that the original '819 patent contains the partially quoted language in paragraph 18, but denies Toyota's characterization of the language.

19. Rydex admits that ¶19 purports to show an annotated Fig. 1 from the '819 Patent. Rydex denies the remainder of the allegations of ¶19.

20. Rydex is without information or knowledge sufficient to admit or deny the allegations of ¶20 and therefore denies the same.

21. Rydex admits that Ryan made a request to the U.S. Patent & Trademark Office ("PTO") for *ex parte* reexamination of the '819 Patent on December 22, 2004. Rydex further admits that certain claims were amended and/or added during the reexamination process. Rydex denies the remainder of the allegations of ¶21.

22. The allegations of ¶22 constitute legal conclusions rather than factual allegations, and, therefore, do not require a response.

### First Counterclaim

23. Rydex admits that Toyota purports to incorporate by reference paragraph 1 through 22 of its Counterclaims. Rydex incorporates here paragraph 1-22, above. Rydex denies the remainder of the allegations of ¶23.

24. Denied.

25. Denied.

### Second Counterclaim

26. Rydex admits that Toyota purports to incorporate by reference paragraph 1 through 25 of its Counterclaims. Rydex incorporates here paragraph 1-25, above. Rydex denies the remainder of the allegations of ¶26.

27. Denied.

28. Denied.

**Third Counterclaim**

29. Rydex admits that Toyota purports to incorporate by reference paragraph 1 through 28 of its Counterclaims. Rydex incorporates here paragraph 1-28, above. Rydex denies the remainder of the allegations of ¶29.

30. Denied.

31. Rydex admits that its Complaint alleges that "Mr. Ryan originally conceived of the invention claimed in the '819 Patent to prevent fuel theft in his construction business," but denies Toyota's characterization of the language in paragraph 31. Rydex denies the remainder of the allegations of ¶31.

32. Rydex is without information or knowledge sufficient to admit or deny the allegations of ¶32 and therefore denies the same.

33. Rydex admits that new claims 32-40 were added during the reexamination process. Rydex denies the remainder of the allegations of ¶33.

34. The allegations of ¶34 constitute legal conclusions rather than factual allegations, and, therefore, do not require a response.

35. The allegations of ¶35 constitute legal conclusions rather than factual allegations, and, therefore, do not require a response.

36. Rydex admits that Toyota purports to cite portions of "Ryan's Remarks to the PTO dated January 9, 2006." Rydex denies the remainder of the allegations of ¶36.

37. The allegations of ¶37 constitute legal conclusions rather than factual allegations, and, therefore, do not require a response.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### Fourth Counterclaim

42. Rydex admits that Toyota purports to incorporate by reference paragraph 1 through 39 of its Counterclaims. Rydex incorporates here paragraph 1-39, above. Rydex denies the remainder of the allegations of ¶42.

43. Denied.

44. Denied.

### PRAYER FOR RELIEF

Rydex denies that Toyota is entitled to any of the relief that it seeks

*DATED: May 26, 2011*

        Respectfully submitted,

        /s/ Stephen F. Schlather
        Stephen F. Schlather
        Texas Bar No. 24007993
        COLLINS, EDMONDS & POGORZELSKI, PLLC
        1616 S. Voss Rd., Suite 125
        Houston, Texas 77057
        (713) 364-2371 – Telephone
        (832) 415-2535 – Facsimile

        Edward W. Goldstein – Lead Attorney
        Texas Bar No. 08099500
        GOLDSTEIN & VOWELL, L.L.P
        1177 West Loop South, Suite 400
        Houston, Texas  77027
        (713) 877-1515 – Telephone
        (713) 877-1737 – Facsimile

        *ATTORNEYS FOR PLAINTIFF*

- 6 -

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 26, 2011. Any other counsel of record will be served by first class U.S. mail.

                                        /s/ Stephen F. Schlather_____
                                        Stephen F. Schlather