IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYDEX, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY;<br>CHRYSLER GROUP LLC; TOYOTA<br>MOTOR SALES, USA, INC.;<br>AMERICAN HONDA MOTOR CO.,<br>INC.; NISSAN NORTH AMERICA,<br>INC.; MERCEDES-BENZ USA, LLC;<br>BMW OF NORTH AMERICA, LLC;<br>KIA MOTORS AMERICA, INC.;<br>HYUNDAI MOTOR AMERICA;<br>MAZDA MOTOR OF AMERICA, INC.;<br>MITSUBISHI MOTORS NORTH<br>AMERICA, INC.; SAAB CARS<br>NORTH AMERICA, INC.;<br>SUBARU OF AMERICA, INC.;<br>and AMERICAN SUZUKI MOTOR<br>CORP.<br><br>        Defendants,<br><br>SUBARU OF AMERICA, INC.,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>RYDEX, LTD. and MICHAEL C. RYAN<br><br>        Counterclaim Defendants. | Civil Action No. 4:11-cv-00122<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SUBARU OF AMERICA, INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S AMENDED COMPLAINT**

1

Defendant Subaru of America, Inc. ("SOA"), by and through its attorneys, hereby sets forth its Answer and Counterclaims to the Amended Complaint filed by Plaintiff Rydex, Ltd. ("Plaintiff" or "Rydex").

## THE PARTIES

1. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 2 and therefore denies the same.

3. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 3 and therefore denies the same.

4. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 4 and therefore denies the same.

5. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 5 and therefore denies the same.

6. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 6 and therefore denies the same.

7. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 7 and therefore denies the same.

8. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 8 and therefore denies the same.

9. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 9 and therefore denies the same.

10. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 10 and therefore denies the same.

11. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 11 and therefore denies the same.

12. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 12 and therefore denies the same.

13. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 13 and therefore denies the same.

14. SOA admits the allegations contained in paragraph 14.

15. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 15 and therefore denies the same.

## JURISDICTION AND VENUE

16. SOA admits that this action arises under the patent laws with respect to 35 U.S.C. § 271 and does not contest subject matter jurisdiction or personal jurisdiction, but denies the remaining allegations in paragraph 16.

17. SOA does not contest that venue is proper in this judicial district, but denies the remaining allegations in paragraph 17.

18. SOA does not contest that venue is proper in this judicial district.

## INFRINGEMENT OF U.S. PATENT NO. 5,204,819

19. SOA admits that U.S. Patent No. 5,204,819 ("the '819 patent") was issued on April 20, 1993 in the name of Michael C. Ryan ("Ryan") and that the patent is entitled "Fluid Delivery Control Apparatus." SOA further admits that the '819 patent was the subject of a reexamination proceeding that resulted in the issuance of an *ex parte* reexamination certificate on

November 21, 2006. SOA is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 19 and therefore denies the same.

20. SOA denies the allegations contained in paragraph 20.

21. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 22 and therefore denies the same.

23. SOA denies the allegations contained in paragraph 23 as they relate to SOA.

24. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 24 and therefore denies the same.

25. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 27 and therefore denies the same.

28. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 28 and therefore denies the same.

29. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 29 and therefore denies the same.

30. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 30 and therefore denies the same.

31. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 31 and therefore denies the same.

32. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 32 and therefore denies the same.

33. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 33 and therefore denies the same.

34. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 34 and therefore denies the same.

35. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 35 and therefore denies the same.

36. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 36 and therefore denies the same.

37. SOA denies the allegations contained in paragraph 37.

38. SOA is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 38 and therefore denies the same.

39. No response is required.

40. SOA denies the allegations contained in paragraph 40 as they relate to SOA.

## DEFENSES

1. SOA hereby asserts the following defenses to the Amended Complaint:

### First Defense
### (Failure to State a Claim)

2. The Amended Complaint fails to state a claim upon which any relief may be granted against SOA.

## Second Defense
## (Invalidity)

3. The claims of the '819 patent are invalid for failing to comply with one or more of the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*

## Third Defense
## (Noninfringement)

4. SOA has not infringed any valid and enforceable claim of the '819 patent.

## Fourth Defense
## (Laches)

5. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense
## (Estoppel)

6. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel, including but not limited to equitable estoppel and prosecution history estoppel. Plaintiff is estopped from asserting or obtaining any construction of the claims of the '819 patent that would result in any of the claims covering any product of SOA.

## Sixth Defense
## (Inequitable Conduct)

7. The '819 patent is invalid and unenforceable as a result of inequitable conduct. SOA's Third Counterclaim, which is incorporated herein by reference, provides a particularized description of the circumstances constituting inequitable conduct.

## Seventh Defense
## (Unclean Hands)

8. The claims of the '819 patent are unenforceable due to unclean hands. SOA's Third Counterclaim, which is incorporated herein by reference, provides a particularized description of the circumstances resulting in unclean hands.

## Additional Defenses

9. SOA reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense asserted by any other defendant in this action or that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

## COUNTERCLAIMS

SOA, for its counterclaims against Rydex, Ltd. ("Rydex") and Michael C. Ryan ("Ryan"), states as follows:

## THE PARTIES

1. Counterclaim Plaintiff SOA is a New Jersey corporation having a principal place of business in Cherry Hill, New Jersey.

2. The Amended Complaint alleges that Rydex is a company organized under the laws of the state of Iowa having a principal place of business in Mitchellville, Iowa.

3. The Amended Complaint alleges that Ryan is President and CEO and owns and operates Rydex.

4. The Amended Complaint alleges that Ryan is the sole named inventor on the '819 patent.

5. The Amended Complaint alleges that Ryan assigned all rights, title and interest in and to the '819 patent to Rydex on or about August 29, 2009.

6.     Upon information and belief, Ryan and/or Rydex participated in, induced and approved the acts set forth below.

## JURISDICTION AND VENUE

7.     This is an action for declaratory judgment in which there is a case or controversy relating to whether U.S. Patent No. 5,204,819 C1 is not infringed by SOA, is invalid, and is unenforceable. This action arises under the federal patent laws, 35 U.S.C. §§ 101 *et seq*.

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

10.    This Court has personal jurisdiction over Rydex.

11.    Upon information and belief, Ryan has committed purposeful acts and/or transactions in this district and thus he reasonably should know and expect that he could be hailed into this Court as a consequence of such activity. Upon information and belief, Ryan has transacted business within this district. For these reasons, this Court has personal jurisdiction over Ryan.

## STATEMENT OF FACTS

12.    U.S. Patent No. 5,204,819 C1 ("the amended '819 patent") resulted from an *ex parte* reexamination of U.S. Patent No. 5,204,819 ("the original '819 patent"). The claims resulting from the reexamination proceeding appear in the amended '819 patent.

13.    Rydex has alleged that it owns the amended '819 patent and the original '819 patent.

14.    In its Amended Complaint, Rydex asserts that SOA has infringed the amended '819 patent.

15. The amended '819 patent is not infringed by SOA, is invalid, and is unenforceable, as set forth in SOA's Answer and Defenses.

16. There is an actual and justiciable controversy between SOA on the one hand, and Rydex and Ryan on the other hand, regarding the amended '819 patent.

17. The original '819 patent issued April 20, 1993, from U.S. Patent Application Serial No. 07/573,631 ("the '631 application"), filed August 27, 1990.

18. The original '819 patent was directed to a system that authorizes and records fuel purchase transactions:

> The present invention relates generally to an apparatus for controlling the delivery of fluid to a container or reservoir and, more specifically, to an apparatus for the exchange of security, identification, and transaction information between a container, such as a fuel or other fluid storage tank, and a fluid delivery system.
>
> ... As a specific example, many vehicles are operated as a part of a commercial enterprise wherein detailed and accurate records are needed to account properly for the use of the vehicle and to support income tax return filings. Very often the vehicle is owned other than by the operator and fuel used by the vehicle is purchased by the absentee owner at the time a fuel delivery is made. Accurate and reliable records are necessary to assure that the appropriate vehicle receives the purchased fuel and, to the extent possible, that the miles logged by the vehicle correspond to actual commercial, not private, use.

(Original '819 patent, col. 1:5-26.)

19. As shown below in annotated '819 Figure 1, a driver enters a gas station and inserts the gas pump nozzle into the filler neck of the vehicle's gas tank. Insertion of the gas pump nozzle into the gas tank establishes a radio frequency identification (RFID) link between the gas station and the vehicle. The vehicle transmits the identity of the purchaser across the link to the gas station. The purchaser's identity is verified to authorize the delivery of fuel to the vehicle, and the gas station stores a record of the transaction.



20.     By 2003, most automobiles sold in the United States were equipped with RFID antitheft systems.

21.     In December 2004, Ryan made a request to the U.S. Patent & Trademark Office ("PTO") for *ex parte* reexamination of the original '819 patent. During the reexamination proceeding, Ryan filed claims in an effort to broaden the scope of the patent to encompass RFID antitheft systems. The amended '819 patent and the original '819 patent share the same specification but have different claims as a result of the amendments that Ryan made during reexamination.

22.     Patent claims cannot be broadened during reexamination. Additionally, a patent owner is prohibited from adding new matter during reexamination, and any new claims or amendments must be supported by the original patent specification.

## First Counterclaim
### (Declaratory Judgment of Noninfringement)

23. SOA incorporates paragraphs 1 to 22 of its Counterclaims as if fully set forth and alleged herein.

24. SOA has not infringed any valid claim of the amended '819 patent.

25. SOA has no adequate remedy at law.

## Second Counterclaim
### (Declaratory Judgment of Invalidity)

26. SOA incorporates paragraphs 1 to 25 of its Counterclaims as if fully set forth and alleged herein.

27. Each and every claim of the amended '819 patent is invalid for failing to comply with one or more of the conditions for patentability under 35 U.S.C. §§ 101 *et seq*.

28. SOA has no adequate remedy at law.

## Third Counterclaim
### (Declaratory Judgment of Inequitable Conduct)

29. SOA incorporates paragraphs 1 to 28 of its Counterclaims as if fully set forth and alleged herein.

30. Upon information and belief, those allegedly inventing the subject matter of, applying for, or having an interest in the amended '819 patent or otherwise associated with the preparation, filing and/or prosecution of the application that led to the issuance of the amended '819 patent, including but not limited to Rydex, Rydex's predecessors in interest, Ryan and/or their attorneys, committed inequitable conduct before the PTO, rendering the patent-in-suit unenforceable.

31. The Amended Complaint alleges that Ryan originally conceived of the invention claimed in the amended '819 patent to prevent fuel theft in his construction business.

32. During the time period from the issuance of the original '819 patent to its reexamination, it became increasingly more common for automobiles to be sold in the United States with ignition keys that had RFID devices embedded in them for the purpose of authorizing vehicle operation.

33. On January 9, 2006, Ryan added new claims 32-40 to the original '819 patent. Claims 38-40 are exemplary:

> 38. Apparatus as defined in claim 22, wherein the personal identification comprises a memory key.
>
> 39. Apparatus as defined in claim 38, wherein the memory key comprises an ignition key of a vehicle, the fluid delivery device comprises a fuel pump of the vehicle, and the fluid container comprises fuel lines leading to an engine of the vehicle.
>
> 40. Apparatus as defined in claim 39, wherein the means associated with the fluid delivery system for storing and retrieving information and the security means comprise ignition switch control circuitry of the vehicle.

(Ryan's Amendment dated January 9, 2006, pp. 9-10.)

34. Ryan had a duty of candor, good faith, and honesty in dealing with the PTO during the reexamination proceeding. 37 C.F.R. § 1.555.

35. The PTO rules of practice required Ryan to provide an explanation of how the disclosure of the original '819 patent supported the addition of claims 32-40. 37 C.F.R. § 1.530(e) and § 10.18.

36. When Ryan added claims 32-40 he represented to the PTO:

> Claims 32-34, dependent on new claim 31, have been added to the application. Claim 32 recites that the first information storage and retrieval device recited in claim 31 comprises a memory key. Support for this added claim is found in the specification at column 3, lines 41-50, in Fig. 2 (reference numeral 22) and elsewhere.
>
> Claim 33 is dependent on claim 32 and recites that the memory key comprises an ignition key of a vehicle, the fluid delivery device comprises a fuel pump of the vehicle, and the fluid container comprises fuel lines leading to an engine of the

vehicle. Support for this added claim is fund in the specification at least at column 3, lines 41-50, which states, in part: "In operation, an operator will enter the truck tractor 12 and will insert an operator identification module 22 into the truck tractor identification module 10. ... If the authorization code is correctly identified by the vehicle identification as an authorized code, the operator will be allowed to start the engine and drive the truck tractor 12." Support for this added claim is also found in the specification at column 2, lines 15-20; column 5, lines 25-35; column 6, lines 28-34; column 13, lines 8-42, in Fig. 5 (reference numeral 322); column 14, lines 45-50; column 16, lines 19-25; column 17, lines 1-39; and elsewhere. Thus the specification supports that the memory key may be a vehicle ignition key and that the fluid delivery operation is the delivery of fuel from the fuel tank of the vehicle to the fuel lines of the vehicle by operation of a fuel pump of the vehicle.

Claim 34 is dependent on claim 33 and recites that the second information storage and retrieval device and the security means comprise ignition switch control circuitry of the vehicle. Support for this added claim is found in the specification at least in the places recited above with respect to claims 32 and 33, specifically that there are information storage and retrieval means and security means provided by the ignition control circuitry of the vehicle.

New claims 35-37 dependent on confirmed claim 21, have been added to the application. Claims 35-37 correspond to claims 32-34 discussed above. Support for these claims is found in the specification in the same places as discussed with respect to claims 32-34.

New claims 38-40, dependent on claim confirmed 22, have been added to the application. Claims 38-40 correspond to claims 32-34 and 35-37 discussed above. Support for these claims is found in the specification in the same places as discussed with respect to claims 32-34 and 35-37.

(Ryan's Remarks to the PTO dated January 9, 2006, pp. 11-12.)

37. Ryan's explanation was material to the patentability of claims 32-40. But for Ryan's representations to the PTO, claims 32-40 would not have been allowed. A claim in a patent is invalid if the originally filed disclosure in the application for patent does not contain a written description of the claimed subject matter. 35 U.S.C. § 112, ¶ 1. Additionally, no amendment to a patent may introduce new matter during a reexamination proceeding. 37 C.F.R. § 1.530(j).

38. By his statement in paragraph 36 of these Counterclaims, Ryan misrepresented to the PTO examiner the content of the specification of the original '819 patent. To the contrary, there is no description of:

    a. a memory key that receives operational energy through an RF link;

    b. a memory key that is a vehicle ignition key;

    c. a fluid delivery system of the independent claims, such as claims 21 and 22, that is a fuel pump of a vehicle;

    d. a fluid container that is the fuel lines leading to the engine of a vehicle; or

    e. a second information storage and retrieval device and a security means that comprise ignition switch control circuitry of the vehicle.

39. There is no reasonable or justifiable basis for Ryan's representation that the original '819 patent contains a written description of the subject matter of any of claims 32-40.

40. Additionally, there is a statutory prohibition against enlarging the scope of a claim during a reexamination proceeding, whether by amending an existing claim or adding a new claim: "No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding …." 35 U.S.C. § 305. The PTO rules contain a similar prohibition: "Claims in an ex parte reexamination proceeding will not be permitted to enlarge the scope of the claims of the patent." 37 C.F.R. § 1.552(b). Ryan intentionally submitted new dependent claims 35-40 during reexamination for the purpose of providing a basis for arguing a broader interpretation of independent claims 21 and 22, which basis did not exist before the amendment.

41. An inference of intent to deceive the PTO on the part of Ryan is the single-most reasonable inference that can be drawn based upon the circumstances surrounding Ryan's misrepresentations:

   a. Ryan's explanation of support for claims 32-40 was false, as demonstrated by the lack of written description in the original '819 patent.

   b. Ryan's false statement was highly material because the allowability of the claims was contingent upon Ryan making an "explanation of the support in the disclosure of the ['819] patent" for the new claims, 37 C.F.R. § 1.530(e), and because the false statement went directly to the patentability of the claims under 35 U.S.C. § 112, ¶ 1 and § 305.

   c. Ryan deliberately subverted the statutory prohibition against enlarging the scope of the claims of a patent under reexamination, 35 U.S.C. § 305, by submitting new dependent claims to create a basis for arguing a broader interpretation of independent claims 21 and 22, which basis did not exist before the amendment.

   d. Ryan was motivated to expand the scope of his patent unlawfully to cover RFID antitheft systems because, prior to filing the reexamination of the '819 patent, most automobile manufacturers had begun equipping their vehicles with RFID antitheft systems.

   e. Ryan never sought to target automobile manufacturers on the basis that the '819 patent covered RFID antitheft systems until he obtained new claims 32-40 through the reexamination proceedings.

## Fourth Counterclaim
### (Exceptional Case)

42. SOA incorporates paragraphs 1 to 39 of its Answer, SOA's Defenses, and Paragraphs 1 to 41 of its Counterclaims as if fully set forth and alleged herein.

43. In view of the false, misleading and otherwise deceptive acts of Rydex, Ryan and/or their attorneys as set forth above, and/or the lack of objectively reasonable basis for their filing and continuation of this lawsuit against SOA, the assertion of the amended '819 patent and the maintenance of this lawsuit against SOA is frivolous, vexatious, unjustified, and in bad faith.

44. SOA is accordingly entitled to a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award of attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285 and/or Fed. R. Civ. P. 54(d).

## **PRAYER FOR RELIEF**

WHEREFORE, SOA respectfully requests that the Court:

A. dismiss Rydex's Amended Complaint with prejudice;

B. enter judgment declaring that SOA has not infringed the amended '819 patent;

C. enter judgment declaring that the amended '819 patent is invalid;

D. enter judgment declaring that the amended '819 patent is unenforceable;

E. enter judgment enjoining Ryan and Rydex, and Rydex's officers, employees, agents, representatives, attorneys, and others acting on their behalf, from representing to anyone, either directly or indirectly, that SOA has infringed the amended '819 patent;

F. enter judgment declaring that this case was filed and has been continued by Rydex and their attorneys wrongfully and without any objectively reasonable basis in law or fact, and awarding SOA its reasonable costs and expenses of litigation, including attorneys fees under

Fed. R. Civ. P. 54(d) or otherwise, on the basis that this is an exceptional case within the meaning of 35 U.S.C. § 285; and

      G.      grant to SOA such other and further relief as this Court deems just and proper.

June 8, 2011　　　　　　　　　　　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　　　/s/ David J. Beck
　　　　　　　　　　　　　　　　　　　　　　David J. Beck
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00000070
　　　　　　　　　　　　　　　　　　　　　　Michael E. Richardson
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24002838
　　　　　　　　　　　　　　　　　　　　　　BECK REDDEN & SECREST, LLP
　　　　　　　　　　　　　　　　　　　　　　One Houston Center
　　　　　　　　　　　　　　　　　　　　　　1221 McKinney St. Suite 4500
　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77010-2010
　　　　　　　　　　　　　　　　　　　　　　(713) 951-3700

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Subaru of America, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Richard D. Kelly
Robert C. Mattson
Eric W. Schweibenz
John F. Presper
OBLON, SPIVAK, McCLELLAND,
　MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule LR5.1. As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule LR5.1. Pursuant to Fed.R.Civ.P.5(d) and Local Rule LR5.1, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile this 8th day of June, 2011.

                                                        /s/ Michael E. Richardson
                                                        Michael E. Richardson