IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:11-CV-122 |
| | § | |
| FORD MOTOR COMPANY; | § | |
| CHRYSLER GROUP LLC | § | |
| TOYOTA MOTOR SALES, USA, INC.; | § | |
| AMERICAN HONDA MOTOR CO., INC.; | § | |
| NISSAN NORTH AMERICA, INC.; | § | |
| MERCEDES-BENZ USA, LLC; | § | |
| BMW OF NORTH AMERICA, INC.; | § | |
| KIA MOTORS AMERICA, INC.; | § | |
| HYUNDAI MOTOR AMERICA; | § | |
| MAZDA MOTOR OF AMERICA, INC.; | § | |
| MITSUBISHI MOTORS NORTH AMERICA, INC.; | § | |
| SAAB CARS NORTH AMERICA, INC.; | § | |
| SUBARU OF AMERICA, INC.; AND | § | |
| AMERICAN SUZUKI MOTOR CORP. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT NISSAN NORTH AMERICA, INC.'S
ANSWER AND COUNTERCLAIM TO RYDEX, LTD.'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Nissan North America, Inc. ("NNA") files this Answer and Counterclaim to Rydex, Ltd.'s Amended Complaint for Patent Infringement.

## THE PARTIES

1. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1, and, on that basis, NNA denies all of the allegations therein.

2.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 2, and on that basis, NNA denies all of the allegations therein.

3.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 3, and on that basis, NNA denies all of the allegations therein.

4.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 4, and on that basis, NNA denies all of the allegations therein.

5.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5, and on that basis, NNA denies all of the allegations therein.

6.  NNA admits the allegations in paragraph 6.

7.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7, and, on that basis, NNA denies all of the allegations therein.

8.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8, and on that basis, NNA denies all of the allegations therein.

9.  NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9, and on that basis, NNA denies all of the allegations therein.

10. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10, and on that basis, NNA denies all of the allegations therein.

11. NNA lacks sufficient knowledge or information to admit. or deny the allegations of paragraph 11, and on that basis, NNA denies all of the allegations therein.

12. NNA lacks sufficient knowledge or information, to admit or deny the allegations of paragraph l2, and on that basis, NNA denies all of the allegations therein.

13. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 13, and on that basis, NNA denies all of the allegations therein.

14. NNA lacks sufficient knowledge or information to admit or deny the 'allegations of paragraph 14, and on that basis, NNA denies all of the allegations therein.

15. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15, and on that basis, NNA denies all of the allegations therein.

## JURISDICTION AND VENUE

16. NNA admits that the Complaint alleges patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code. NNA further admits that this Court has subject matter jurisdiction over claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). NNA does not dispute that this Court has personal jurisdiction over it; however, NNA is without sufficient information to determine whether Rydex has standing or legal capacity to sue on the asserted patent identified in the Complaint, and on that basis, NNA denies the remaining allegations of paragraph 16. Finally, with respect to the allegations in paragraph 16 that relate to the other defendants, NNA lacks sufficient information to admit or deny the allegations, and on that basis NNA denies the same.

17. NNA lacks sufficient information to admit or deny any of the allegations in this paragraph with respect to the other defendants, and on that basis, NNA denies such allegations. NNA also denies that venue is proper in this Court and that this Court is the most appropriate or convenient forum to hear this case.

18. NNA lacks sufficient knowledge or information to admit or deny the statements and allegations of paragraph 18, and on that basis, NNA denies same.

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,204,819

19. NNA admits that the '819 patent is titled "Fluid Delivery Control Apparatus" and that it identifies Michael C. Ryan as the inventor. NNA also admits that the '819 patent was the subject

of a reexamination proceeding and that an *ex parte* reexamination certificate was issued; however, NNA specifically denies that U.S. Patent 5,204,819 was duly and legally issued. As to the remaining allegations, NNA lacks the knowledge or information sufficient to admit or deny the remaining allegations of paragraph 19, and on that basis, NNA denies the same.

20. NNA lacks sufficient knowledge or information to admit or deny the statements and allegations of paragraph 20, and on that basis, NNA denies same.

21. NNA lacks sufficient knowledge or information to admit or deny the statements and allegations of paragraph 21, and on that basis, NNA denies same.

22. NNA lacks sufficient knowledge or information to admit or deny the statements and allegations of paragraph 22 with respect to Plaintiffs' conduct, and on that basis, NNA denies same. NNA lacks sufficient information to admit or deny any of the allegations in this paragraph with respect to the other defendants, and on that basis, NNA denies such allegations. NNA also denies that it received any written notice of alleged infringement of the '819 patent prior to the filing of this suit.

23. NNA denies the allegations made against it in paragraph 23. With respect to the allegations in paragraph 23 that relate to the other defendants, NNA lacks sufficient knowledge or information to admit or deny the allegations, and on that basis, NNA denies the same.

24. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 24, and on that basis, NNA denies them.

25. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 25, and on that basis, NNA denies them.

26. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 26, and on that basis, NNA denies them.

27. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 27, and on that basis, NNA denies them.

28. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 28, and on that basis, NNA denies them.

29. NNA denies the allegations of paragraph 29.

30. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 30, and on that basis, NNA denies them.

31. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 31, and on that basis; NNA denies them.

32. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 32, and on that basis, NNA denies them.

33. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 33, and on that basis, NNA denies them.

34. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 34, and on that basis, NNA denies them.

35. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 35, and on that basis, NNA denies them.

36. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 36, and on that basis, NNA denies them.

37. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 37, and on that basis, NNA denies them.

38. NNA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 38, and on that basis, NNA denies them.

39. NNA denies the allegations made against it in paragraph 39. With respect to the allegations in paragraph 39 that relate to the other defendants, NNA lacks sufficient knowledge or information to admit or deny the allegations, and on that basis, NNA denies the same.

40. NNA denies the allegations made against it in paragraph 40. With respect to the allegations in paragraph 40 that relate to the other defendants, NNA lacks sufficient knowledge or information to admit or deny the allegations, and on that basis, NNA denies the same.

## PLAINTIFF' S PRAYER FOR RELIEF

41. NNA denies that Plaintiff, Rydex, Ltd ("Rydex") is entitled to any relief as specifically requested in the Amended Complaint or any relief whatsoever in consequence of any allegation or averment in the Amended Complaint and, accordingly, prays that the Court deny all relief to Plaintiff.

42. NNA, pursuant to Federal Rule of Civil Procedure 38(b), demands a trial by jury to the full extent permitted by the United States and Texas Constitutions.

## NNA'S AFFIRMATIVE DEFENSES

43. Without prejudice to the denials set forth in its Answer, and without admitting any allegations of the Amended Complaint for Patent Infringement not otherwise admitted, NNA avers and asserts the following affirmative defenses.

44. NNA reserves the right to amend this Answer to assert additional affirmative defenses that may be revealed during discovery.

## FIRST DEFENSE

45. Rydex fails to state a claim against NNA upon which relief can be granted.

## SECOND DEFENSE

46.     NNA does not infringe and has not infringed any valid claim of U.S. Patent 5,204,819 ("the '819 patent"), and has not otherwise committed any act in violation of 35 U.S.C. § 271, *et seq*.

### THIRD DEFENSE

47.     The '819 patent is invalid and/or unenforceable for failure to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including without limitation 35 U.S.C. §§102, 103, and 112 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

### FOURTH DEFENSE

48.     Rydex's attempted enforcement of the '819 patent against NNA is barred by the doctrine of laches. Rydex unreasonably delayed the filing of this action. To allow Rydex to bring an action now, after its unreasonable delay, would result in material prejudice to NNA.

### FIFTH DEFENSE

49.     The claims of Plaintiff are barred under the doctrine of patent misuse.

### SIXTH DEFENSE

50.     Rydex is estopped from asserting its claims against NNA.

### SEVENTH DEFENSE

51.     To the extent that any of NNA's suppliers have a license under the '819 patent NNA has a license to the '819 patent.

### EIGHTH DEFENSE

52.     To the extent that any licensee under the '819 patent has an obligation to mark and has failed, to do so, each of Rydex's claims for relief are barred, in whole or in part, under 35 U.S.C § 287.

## NINTH DEFENSE

53. Any claim for relief on the part of plaintiff for alleged infringement of the '819 patent is barred in whole or in part by intervening rights. 35 U.S.C. §§252, 307.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

54. NNA incorporates by this reference all of its previous responses and/or allegations made in paragraphs 1 through 53 above as though set forth in full.

55. NNA reserves the right to amend this Answer to assert additional counterclaims which may be revealed during discovery.

56. NNA is a corporation organized and existing under the laws of California and has a place of business in Franklin, Tennessee.

57. On information and belief, Plaintiff and Counterclaim Defendant, Rydex, is a company organized under the laws of the State of Iowa.

58. This is a counterclaim for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 arising from a controversy between NNA and Rydex concerning the enforceability and validity of the '819 patent, which is the subject of the Complaint for Patent Infringement.

59. This Court has subject matter jurisdiction to hear and decide this counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1338(a).

60. Counterclaim Defendant Rydex has submitted itself to the jurisdiction of this Court by the filing of its Complaint for Patent Infringement herein.

61. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

62. An actual controversy pursuant to 28 U.S.C. §§ 2201 and 2202 exists between Counterclaim Plaintiff and Counterclaim Defendant concerning the '819 patent in that

Counterclaim Defendant has filed an Amended Complaint in this Court alleging infringement of the '819 patent by Counterclaim Plaintiff.

### COUNT I - DECLARATORY JUDGMENT OF INVALIDITY

63.     The '819 patent is invalid and/or unenforceable for failure to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

### COUNT II- DECLARATORY JUDGMENT OF UNENFORCEABILITY

64.     The '819 patent is unenforceable by virtue of the doctrine of patent misuse, and NNA is entitled to a declaration to that effect.

### COUNT III - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

65.     NNA does not infringe the '819 patent, and NNA is entitled to a declaration to that effect.

### PRAYER FOR RELIEF

Wherefore, NNA requests judgment in its favor:

    A.     dismissing the Plaintiffs Amended Complaint for Patent Infringement;

    B.     denying all relief requested by the Plaintiff;

    C.     granting appropriate costs and attorneys' fees to NNA;

    D.     declaring that NNA did not and is not infringing the '819 patent;

    E.     declaring that the '819 patent is invalid and unenforceable;

    F.     finding this case "exceptional" within the meaning of 35 U.S.C. §285 and awarding NNA its reasonable attorneys' fees; and

    G.     granting NNA such additional relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, NNA demands a jury trial on all issues triable of right to a jury.

Dated: June 13, 2011,

        Respectfully submitted,

        *s/Jeffrey S. Patterson*
        **JEFFREY S. PATTERSON**
        State Bar No. 15596700
        **JEFFREY J. COX**
        State Bar No. 04947530
        **HARTLINE DACUS BARGER DREYER LLP**
        6688 North Central Expressway, Suite 1000
        Dallas, Texas  75206
        (214) 369-2100
        (214) 369-2118 (fax)

        **ATTORNEYS FOR DEFENDANT**
        **NISSAN NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system on the 13th day of June, 2011.

*s/Jeffrey S. Patterson*