IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD., § § | | |
| Plaintiff, § § § | CIVIL ACTION NO: 4:11-CV-00122 | |
| vs. § § | JUDGE: KEITH P. ELLISON | |
| GENERAL MOTORS COMPANY, et al., § § § | | |
| Defendants. § § | **JURY TRIAL DEMANDED** | |

### FORD MOTOR COMPANY'S ANSWER AND COUNTERCLAIMS
### TO PLAINTIFF'S AMENDED COMPLAINT

Ford Motor Company ("Ford"), by and through its undersigned counsel, files this Answer and Counterclaims in response to Plaintiff's Amended Complaint for Patent Infringement ("Amended Complaint") in the above-captioned action. Except as specifically admitted, Ford denies all allegations and averments of the Amended Complaint, and otherwise responds as follows:

### PARTIES

1. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies them.

2. Ford admits the allegations set forth in Paragraph 2.

3. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore denies them.

4. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies them.

5. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and therefore denies them.

6. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and therefore denies them.

7. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore denies them.

8. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies them.

9. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and therefore denies them.

10. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and therefore denies them.

11. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore denies them.

12. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore denies them.

13. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies them.

14. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore denies them.

15. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and therefore denies them.

## JURISDICTION AND VENUE

16. Ford admits that this action has been characterized by Plaintiff as an action for patent infringement under Title 35 of the United States Code.  Ford admits that this Court has subject matter jurisdiction over meritorious causes of action for patent infringement under 28

U.S.C. §§ 1331 and 1338. Ford does not dispute that this Court has personal jurisdiction over it. However, Ford is without knowledge or information sufficient to determine whether Plaintiff has standing or legal capacity to sue on the asserted patent identified in the Amended Complaint, and on that basis, Ford denies the remaining allegations of Paragraph 16. With respect to the allegations set forth in Paragraph 16 regarding the other defendants, Ford is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

17. Ford denies the allegations made in Paragraph 17. With respect to the allegations set forth in Paragraph 17 regarding the other defendants, Ford is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. In addition, because Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 regarding the other defendants, Ford also denies that venue is proper in this Court.

18. Ford denies that this venue is the most appropriate or convenient forum in which to hear this case.

### INFRINGEMENT OF U.S. PATENT NO. 5,204,819

19. Ford admits that U.S. Patent No. 5,204,819, entitled "Fluid Delivery Control Apparatus," appears to have issued on April 20, 1993 (not 2003 as identified in the Amended Complaint) and identifies Michael C. Ryan as the inventor. Ford also admits that the '819 patent was the subject of a reexamination proceeding and that a Reexamination Certificate appears to have issued on November 21, 2006. As to the remaining allegations of Paragraph 19, Ford lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

20. Ford denies the allegations set forth in Paragraph 20.

21. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore denies them.

22. Ford denies the allegations made in Paragraph 22.

23. Ford denies the allegations made against it in Paragraph 23.  With respect to the allegations set forth in Paragraph 23 regarding the other defendants, Ford is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

24. Ford denies the allegations set forth in Paragraph 24.

25. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and therefore denies them.

26. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and therefore denies them.

27. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and therefore denies them.

28. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and therefore denies them.

29. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and therefore denies them.

30. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and therefore denies them.

31. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and therefore denies them.

32. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 and therefore denies them.

33. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and therefore denies them.

34. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore denies them.

35. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 and therefore denies them.

36. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and therefore denies them.

37. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and therefore denies them.

38. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and therefore denies them.

39. Ford denies the allegations made against it in Paragraph 39. With respect to the allegations set forth in Paragraph 39 regarding the other defendants, Ford is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

40. Ford denies the allegations made against it in Paragraph 40. With respect to the allegations set forth in Paragraph 40 regarding the other defendants, Ford is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

**PLAINTIFF'S JURY DEMAND**

Ford admits that Plaintiff has demanded a jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

Ford denies that Plaintiff is entitled to any of the relief requested in connection with the allegations of the Amended Complaint, including without limitations, the allegations of Paragraphs A. through E. of Plaintiff's "PRAYER FOR RELIEF." Ford specifically denies that Plaintiff is entitled to any injunctive relief, as requested in Paragraph D., because U.S. Patent No. 5,204,819 is expired. Ford denies that Plaintiff is entitled to any relief whatsoever and, accordingly, prays that the Court deny all relief to Plaintiff.

## AFFIRMATIVE DEFENSES

Ford pleads the following as affirmative defenses to Plaintiff's Amended Complaint. Ford reserves the right to amend its Answer and Counterclaims to add additional affirmative defenses not presented herein, including but not limited to, those defenses revealed during discovery.

### First Affirmative Defense

41. The asserted claims of the '819 patent are invalid because they fail to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or 305 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

### Second Affirmative Defense

42. Ford does not and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '819 patent, and has not otherwise committed any act in violation of 35 U.S.C. § 271, *et seq*.

### Third Affirmative Defense

43. Plaintiff's claims for infringement of the '819 patent are barred by the doctrines of laches, waiver, and estoppel. Plaintiff unreasonably delayed in filing this action. To allow Plaintiff to bring an action now, after its unreasonable delay, would result in material prejudice to Ford.

### Fourth Affirmative Defense

44. To the extent that any of Ford's suppliers have a license under the '819 patent, Ford has a license to the '819 patent

### Fifth Affirmative Defense

45. To the extent that Plaintiff and/or its licensees under the '819 patent have an obligation to mark and have failed to do so, Plaintiff's alleged damages are barred, in whole or in part, under 35 U.S.C. § 287.

### Sixth Affirmative Defense

46. Plaintiff's claims for infringement of the '819 patent are bared, in whole or in part, by intervening rights, under 35 U.S.C. §§ 252 and 307.

### COUNTERCLAIMS

### THE PARTIES

1. Ford is a corporation organized and existing under the laws of the State of Delaware and has a place of business in Dearborn, Michigan.

2. On information and belief, Plaintiff and Counterclaim Defendant Rydex is a company organized an existing under the laws of the State of Iowa and has its principal place of business in Mitchellville, Iowa.

## JURISDICTION AND VENUE

3. This is a counterclaim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 arising from a controversy between Ford and Rydex concerning the validity and enforceability of the '819 patent, which is the subject of the Amended Complaint herein.

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and pursuant to 28 U.S.C. § 1338(a).

5. Counterclaim Defendant Rydex has submitted itself to the jurisdiction of this Court by filing its Amended Complaint herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

7. An actual controversy exists between Counterclaim Plaintiff Ford and Counterclaim Defendant Rydex concerning the '819 patent, in that Rydex has filed an Amended Complaint in this Court alleging infringement of the '819 patent by Ford.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY

8. The asserted claims of the '819 patent are invalid and/or unenforceable because they fail to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or 305 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Ford does not infringe the '819 patent, and Ford is entitled to a declaration to that effect.

## PRAYER

WHEREFORE, Ford prays that judgment be entered against Plaintiff in connection with its Amended Complaint and in favor of Ford as follows:

A. Dismissing with prejudice any and all claims against Ford set forth by Plaintiff in the Amended Complaint;

B. Denying all claims for relief requested by the Plaintiff against Ford, including all claims for damages, interest, costs, expenses, and attorneys' fees;

C. Declaring that the '819 patent is invalid;

D. Declaring that Ford has not infringed the '819 patent;

E. Finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and awarding to Ford its costs and reasonable attorneys' fees incurred in connection with the defense of this action; and

F. Granting to Ford such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Ford hereby demands a jury trial on all issues so triable.

Dated:  June 13, 2011                              Respectfully submitted,

                                                   By:      *s/ Eric A. Buresh*

OF COUNSEL:                                        ATTORNEY-IN-CHARGE:
Jason R. Mudd                                      Eric A. Buresh
Admitted *Pro Hac Vice*                            Admitted *Pro Hac Vice*
jmudd@shb.com                                      eburesh@shb.com
SHOOK, HARDY & BACON LLP                           SHOOK, HARDY & BACON LLP
2555 Grand Blvd.                                   2555 Grand Blvd.
Kansas City, Missouri  64108                       Kansas City, Missouri  64108
Telephone:  (816) 474-6550                         Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547                         Facsimile:  (816) 421-5547

Matthew C. Broaddus
Texas Bar No.:  24069423
S.D. Tex. Bar No.:  4610629
mbroaddus@shb.com                                  **ATTORNEYS FOR DEFENDANTS:**
SHOOK, HARDY & BACON LLP                           **FORD MOTOR COMPANY,**
JPMorgan Chase Tower                               **MAZDA MOTOR OF AMERICA, INC., AND**
600 Travis Street, Suite 1600                      **SAAB CARS NORTH AMERICA, INC.**
Houston, Texas   77002-2911
Telephone:  (713) 227-8008
Facsimile:  (713) 227-9508

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on June 13, 2011, in compliance with Civil Local Rule LR5 and the Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases.  All counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served by first class U.S. mail.

    **s/ Eric A. Buresh**
Eric A. Buresh
Attorney for Defendants
Ford Motor Company
Mazda Motor of America, Inc.
Saab Cars North America, Inc.