IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYDEX, LTD., | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 4:11-cv-00122 |
| v. | ) ) ) |
| FORD MOTOR COMPANY; CHRYSLER GROUP LLC; TOYOTA MOTOR SALES, USA, INC.; AMERICAN HONDA MOTOR CO., INC.; NISSAN NORTH AMERICA, INC.; MERCEDES-BENZ USA, LLC; BMW OF NORTH AMERICA, LLC; KIA MOTORS AMERICA, INC.; HYUNDAI MOTOR AMERICA; MAZDA MOTOR OF AMERICA, INC.; MITSUBISHI MOTORS NORTH AMERICA, INC.; SAAB CARS NORTH AMERICA, INC.; SUBARU OF AMERICA, INC.; AND AMERICAN SUZUKI MOTOR CORP., | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| HYUNDAI MOTOR AMERICA, | ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| RYDEX, LTD., | ) ) ) |
| Counterclaim Defendant. | ) ) ) |

{00012500 \ 1}

**DEFENDANT HYUNDAI MOTOR AMERICA'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
RYDEX'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Hyundai Motor America ("Hyundai") answers plaintiff Rydex, Ltd.'s ("Rydex") Amended Complaint for Patent Infringement (D.I. 154) ("Complaint") as follows:

THE PARTIES

1. The allegations of Paragraph 1 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. The allegations of Paragraph 2 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. The allegations of Paragraph 3 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. The allegations of Paragraph 4 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. The allegations of Paragraph 5 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6. The allegations of Paragraph 6 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7. The allegations of Paragraph 7 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8. The allegations of Paragraph 8 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. The allegations of Paragraph 9 are not directed to Hyundai, and Hyundai therefore denies them.

10. Hyundai admits that it is a California corporation with a place of business in Fountain Valley, California.

11. The allegations of Paragraph 11 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12. The allegations of Paragraph 12 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13. The allegations of Paragraph 13 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14. The allegations of Paragraph 14 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15. The allegations of Paragraph 15 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

## JURISDICTION AND VENUE

16. These allegations set forth legal conclusions to which no response is required. Hyundai admits that the Complaint alleges patent infringement under the provisions of the patent laws of the United States, Title 35 of the United States Code. Hyundai also admits that this Court has subject-matter jurisdiction over patent law claims. Hyundai admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas. In view of the denial of the allegations of Paragraph 19 below, on information and belief, Hyundai denies that Rydex has standing, and accordingly denies that this Court has subject matter jurisdiction over Rydex's patent claims in this particular case. Hyundai denies any infringement and, to the extent any remaining allegations are directed at Hyundai, they are denied. To the extent the allegations of Paragraph 16 are directed to other entities, Hyundai lacks sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies them.

17. These allegations set forth legal conclusions to which no response is required. Hyundai admits that venue is proper in this Court for purposes of this particular action. Hyundai denies any infringement and, to the extent any remaining allegations are directed at Hyundai, they are denied. To the extent the allegations of Paragraph 17 are directed to other entities, Hyundai lacks sufficient information to admit or deny the allegations of Paragraph 17 and therefore denies them.

18. These allegations set forth legal conclusions to which no response is required. Hyundai denies that this Court is the most appropriate or convenient forum to hear this case.

## ALLEGED INFRINGEMENT OF THE '819 PATENT

19. With respect to the first sentence of Paragraph 19, Hyundai admits that U.S. Patent No. 5,204,819 ("the '819 patent") is titled "Fluid Delivery Control Apparatus" and that it identifies Michael C. Ryan as the inventor. On information and belief, Hyundai denies the remaining allegations of the first sentence of Paragraph 19. With respect to the second sentence of Paragraph 19, Hyundai admits that the '819 patent was the subject of a reexamination, which led to the issuance of an *ex parte* reexamination certificate. On information and belief, Hyundai denies the remaining allegations of the second sentence of Paragraph 19. With respect to the remaining allegations in Paragraph 19, Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. Denied.

21. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. Hyundai denies any infringement and denies receiving written notice of any alleged infringement. To the extent any remaining allegations are directed at Hyundai, Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them. To the extent the allegations of Paragraph 22 are directed to other entities, Hyundai lacks sufficient information to admit or deny the allegations of Paragraph 22 and therefore denies them.

23. Hyundai denies any and all allegations of Paragraph 23 directed at Hyundai or any entities that use technologies that are identical to those used in Hyundai's accused products. To the extent the allegations of Paragraph 23 are directed to other entities, Hyundai lacks sufficient information to admit or deny the allegations of Paragraph 23 and therefore denies them.

24. The allegations of Paragraph 24 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. The allegations of Paragraph 25 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. The allegations of Paragraph 26 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. The allegations of Paragraph 27 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. The allegations of Paragraph 28 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies them.

29. The allegations of Paragraph 29 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

30. The allegations of Paragraph 30 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31. The allegations of Paragraph 31 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32. The allegations of Paragraph 32 are not directed to Hyundai. To the extent that Kia is accused of infringing the '819 patent on the basis of using technologies that are identical to those used in Hyundai's accused products, Hyundai denies the allegations of Paragraph 32. To the extent that Kia is accused of infringing the '819 patent on the basis of using technologies that are not identical to those used in Hyundai's accused products, Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies them.

33. Denied.

34. The allegations of Paragraph 34 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35. The allegations of Paragraph 35 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36. The allegations of Paragraph 36 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

37. The allegations of Paragraph 37 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38.     The allegations of Paragraph 38 are not directed to Hyundai. Hyundai is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39.     Hyundai denies any infringement and, to the extent any remaining allegations of Paragraph 39 require a response from Hyundai, they are denied.

40.     Hyundai denies any and all allegations of Paragraph 40 directed at Hyundai or any entities that use technologies that are identical to those used in Hyundai's accused products. To the extent the allegations of Paragraph 40 are directed to other entities, Hyundai lacks sufficient information to admit or deny the allegations of Paragraph 40 and therefore denies them.

41.     Hyundai denies all allegations not specifically admitted.

## JURY DEMAND

This paragraph sets forth Rydex's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Rydex to which no response is required. Hyundai denies that Rydex is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

1.     Rydex has failed to state a claim upon which relief can be granted.

2.     Hyundai does not infringe and has not infringed any valid claim of the '819 patent.

3.     One or more claims of the '819 patent are invalid for failure to satisfy the requirements of one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

4.     By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application that led to the '819 patent and the reexamination, Rydex is estopped from claiming infringement, either literally or under the doctrine of equivalents, by Hyundai of one of more claims of the '819 patent.

5.     Rydex's claims relating to the '819 patent are barred by the doctrine of patent misuse.

6.     Rydex's claims are barred, in whole or in part, by the doctrine of laches.

7.     Rydex's claims for damages are limited under 35 U.S.C. §§ 286 and 287.

8.     Rydex's claims relating to the '819 patent are barred by intervening rights.

9.     Rydex is not entitled to injunctive relief at least because the '819 patent is expired, because any alleged injury is not immediate or irreparable, and because Rydex has an adequate remedy at law.

<u>COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>

For its Counterclaims against plaintiff Rydex, defendant Hyundai avers as follows:

<u>INTRODUCTION</u>

1.     Hyundai is a corporation organized and existing under the laws of the State of California and has a place of business at Fountain Valley, California.

2.     Rydex states in its Complaint that it is a company organized under the laws of the State of Iowa with its principal place of business in Mitchellville, Iowa.

3.     These Counterclaims arise under 28 U.S.C. §§ 2201 and 2202 and the patent laws set forth in Title 35 of the United States Code.

4.     Rydex alleges in its Complaint that Hyundai has infringed the '819 patent.

5.     Rydex alleges in its Complaint that it is the assignee of all rights, title, and interest in and to the '819 patent.

6. The '819 patent is invalid and/or is not and has not been infringed by Hyundai, directly or indirectly.

7. On information and belief, the '819 patent expired on August 27, 2010.

8. Consequently, there is an actual case or controversy between the parties concerning the non-infringement, invalidity, and unenforceability of the '819 patent and Rydex's entitlement to an injunction against Hyundai.

9. Subject to Hyundai's denials, defenses, and affirmative defenses, subject matter jurisdiction for these Counterclaims exists pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

10. This Court has personal jurisdiction over Rydex.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### COUNT I — DECLARATORY JUDGMENT OF NON-INFRINGEMENT

12. Hyundai restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

13. Rydex alleges that Hyundai has infringed the '819 patent.

14. Hyundai has not infringed any valid and enforceable claim of the '819 patent.

15. An actual controversy exists between Hyundai and Rydex as to whether the '819 patent was not infringed by Hyundai.

16. A judicial declaration is necessary and appropriate so that Hyundai may ascertain its rights regarding the '819 patent.

### COUNT II — DECLARATORY JUDGMENT OF INVALIDITY

17. Hyundai restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

18. Rydex alleges that Hyundai has infringed the '819 patent.

19. One or more claims of the '819 patent are invalid for a failure to satisfy the requirements of one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

20. An actual case or controversy exists between Hyundai and Rydex as to whether the '819 patent is invalid.

21. A judicial declaration is necessary and appropriate so that Hyundai may ascertain whether the '819 patent is invalid.

COUNT III — DECLARATORY JUDGMENT OF UNENFORCEABILITY

22. Hyundai restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

23. Rydex alleges that Hyundai has infringed the '819 patent.

24. On information and belief, the '819 patent expired on August 27, 2010.

25. Rydex seeks an injunction against Hyundai even though the '819 patent has expired.

26. The '819 patent is unenforceable by virtue of the doctrine of patent misuse.

27. An actual case or controversy exists between Hyundai and Rydex as to whether Rydex has misused the '819 patent.

28. A judicial declaration is necessary and appropriate so that Hyundai may ascertain whether the '819 patent is unenforceable.

COUNT IV — DECLARATORY JUDGMENT OF
NO ENTITLEMENT TO INJUNCTION

29. Hyundai restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

30. Rydex alleges that Hyundai has infringed the '819 patent.

31. On information and belief, the '819 patent expired on August 27, 2010.

32. Rydex seeks an injunction against Hyundai even though the '819 patent is expired.

33. An actual case or controversy exists between Hyundai and Rydex as to whether Rydex is entitled to an injunction against Hyundai.

34. A judicial declaration is necessary and appropriate so that Hyundai may ascertain whether Rydex is entitled to an injunction against Hyundai.

## PRAYER FOR RELIEF

Wherefore, Hyundai prays for judgment as follows:

A. A judgment dismissing Rydex's Complaint against Hyundai with prejudice;

B. A judgment in favor of Hyundai on all of its Counterclaims;

C. A declaration that Hyundai has not infringed any valid claims of the '819 patent;

D. A declaration that the '819 patent is invalid;

E. A declaration that the '819 patent is unenforceable;

F. A declaration that Rydex is not entitled to any injunction against Hyundai based on the '819 patent;

G. An award to Hyundai for the amount of damages as proven at trial, including punitive damages;

H. A declaration that this case is exceptional and an award to Hyundai of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

I. A judgment limiting or barring Rydex's ability to enforce the '819 patent in equity;

  J. Such other and further relief as this Court may deem just and proper.

JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, defendant Hyundai respectfully demands a jury trial of all issues triable to a jury in this action.

        Respectfully submitted,

         */s/ Jayme Partridge*

Date:  June 15, 2011    Jayme Partridge
        Texas Bar No. 17132060
        SDTX ID No. 19621
        *Attorney-in-Charge*
        SLUSSER WILSON & PARTRIDGE LLP
        333 Clay Street, Suite 4720
        Houston, Texas 77002
        Telephone: (713) 860-3300
        Facsimile: (713) 860-3333
        Email: partridge@slusser-law.com

        ROPES & GRAY LLP
        Gene W. Lee
        New York Bar No. 2564284
        Stuart W. Yothers
        New York Bar No. 4355467
        J. Karen Sum-Ping
        New York Bar No. 4729737
        1211 Avenue of the Americas
        New York, New York 10036-8704
        Telephone: (212) 596-9000
        Facsimile: (212) 596-9090
        Email:  gene.lee@ropesgray.com
        Email:  stuart.yothers@ropesgray.com
        Email:  karen.sum-ping@ropesgray.com

        ATTORNEYS FOR HYUNDAI MOTOR AMERICA

## **CERTIFICATE OF SERVICE**

  I certify that on June 15, 2011, the foregoing document was filed with the court utilizing its ECF system, which will send notice of such filing to all counsel of record.

               /s/ Jayme Partridge
               Jayme Partridge