IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RYDEX, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:11-cv-00122** |
| | § | |
| **FORD MOTOR COMPANY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**<u>DEFENDANTS' SURREPLY CLAIM CONSTRUCTION BRIEF</u>**

I.     **INTRODUCTION**

In this case, Rydex has unfairly attempted to claim technology as of 1990 that it did not even conceive of until over a decade later. To do so, Rydex manipulated the patent reexamination process. Over a decade after the '819 patent issued, Rydex injected new dependent claims—not for the statutorily permissible purpose of confirming its patent over the prior art—but in hopes of enlarging the scope of its refueling station invention so as to appear to cover the movement of fuel inside a vehicle's fuel lines. As Rydex concedes in its Reply (at 7), these improperly added claims are **"critical"** to Rydex's claim construction arguments. Without these improperly added dependent claims, Rydex has no basis to contend that its patent covers the internal operation of a motor vehicle. This fact alone demonstrates the improper enlarging nature of Rydex's newly introduced claims.

Tellingly, Rydex cannot meaningfully explain how these claims are supported by the original specification—because they simply are not. It is undisputed that the original specification does not describe a vehicle's internal fuel pump, vehicle fuel lines leading to an engine, or the internal movement of fuel in a vehicle. In the absence of any actual support, Rydex resorts to the favored argument of patentees desperate to save otherwise invalid claims: the Patent Office allowed them. But this Court, not the Patent Office, is the final arbiter. Accordingly, this Court should find that Rydex's addition of claims 39 and 40 during reexamination violated 35 U.S.C. § 305.

II.     **RYDEX'S ARGUMENTS LACK MERIT**

As an initial matter, Rydex completely fails to address one of the two independent bases raised by Defendants under which these new claims are invalid under 35 U.S.C. § 305—namely, that Rydex added new claims in reexamination for a purpose other than the statutorily

permissible purpose of distinguishing prior art. *See* Defendants' Response Brief (D.E. 309) ("Resp.") at 31-33. Rydex's silence concedes this point and claims 39 and 40 are, therefore, invalid under § 305 on this basis alone. In response to the other basis raised by Defendants, Rydex relies on three primary arguments to argue that claims 39 and 40 are not enlarging. Each is easily dismissed, as set forth below.

### A. The Law Requires *Proper* Dependent Claims To Be Narrowing, But Claims 39 And 40 Are Not Proper Because They Enlarge Rather Than Narrow

First, Rydex misconstrues the doctrine of claim differentiation to argue that dependent claims are "presumed" to be narrowing. Reply at 4-6. As Defendants pointed out, 35 U.S.C. § 112, ¶ 4 requires *proper* dependent claims to reference a previous claim and to specify a further limitation to the referenced claim. Resp. at 31, n.15. Because proper dependent claims are narrowing, courts recognize the doctrine of claim differentiation as a loose guide to help construe claim language.[1] As applied, claim differentiation suggests that an independent claim should not be limited to the narrowing limitation stated in a dependent claim. *Id*. at 1380. For example, if claim 1 recites a "fastener" and claim 2 recites "wherein the fastener of claim 1 is a screw," then claim differentiation suggests that the fastener in claim 1 includes more than just a screw (*e.g.*, a nail). This doctrine, of course, relies on an assumption that the dependent claim is, in fact, proper, *i.e.*, narrowing in nature. *Id*.

This does *not*, however, mean that all dependent claims are proper and narrowing. Indeed, dependent claims may not be in compliance with § 112, ¶ 4. For example, if claim 1 in the example above recited a "screw" and dependent claim 2 recited "wherein the screw of claim 1 is a nail," claim 2 would be improper because it does not "specify a further limitation," but rather, sets out a conflicting scope of the fastener of claim 1, which was already limited to a

---

[1] *See Curtiss-Wright Flow Control Corp. v. Velan, Inc.*, 438 F.3d 1374, 1381 (Fed. Cir. 2006) ("[T]his court has cautioned that '[c]laim differentiation is a guide, not a rigid rule.'") (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991)).

screw. Dependent claims that are "outside the scope of" the claim from which they depend—such as those that improperly broaden, rather than limit—are both possible and invalid. *See Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, 457 F.3d 1284, 1291-92 (Fed. Cir. 2006).[2]

Rydex relies on the testimony of its patent attorney, Mr. Herink, who contended that dependent claims 39 and 40 were not broadening. Reply at 5 (quoting Herink Tr. 167:18-168:10). But, Mr. Herink was merely relying on the same false assumption advanced by Rydex that claims drafted in dependent form are necessarily narrowing.[3] *Id*. ("I think sort of black-letter patent law says that 39 must be narrower than 22."). This says nothing about whether claims 39 and 40 are actually proper and narrowing.

Tellingly, Rydex completely ignores a case cited by Defendants that is directly on point to the facts of this case: *Total Containment, Inc. v. Environ Products, Inc.*, 106 F.3d 427, 1997 WL 16032, at *2 (Fed. Cir. 1997) (Resp. at Appx. Tab 15). In that case, the patentee attempted to rely on a dependent claim it had added during reexamination to argue for a broader interpretation of an independent claim under claim differentiation. *Id*. The Court, however, rejected this argument and refused to construe the independent claim more broadly to encompass the dependent claim:

> TCI cannot, however, invoke the doctrine of claim differentiation by relying on a claim added during reexamination to interpret language in one of the original claims in a way that would broaden the reach of that claim. To permit the use of claims added during reexamination for that purpose **would invite manipulation of the reexamination process and would not be a reliable guide to the meaning of language used in the original claims** . . . . Claim 11 contains the same language as each of the original '509 patent claims with respect to the means for accessing the interior of the sump, and **that language may not be given broader scope in the claims added on reexamination than it had in the claims**

---

[2] That the claim in *Pfizer* may have resulted from a drafting error, as argued by Rydex, is inconsequential. *Pfizer* simply demonstrates that dependent claims are not *necessarily* narrowing just because they were drafted in dependent form. 457 F.3d at 191-92.

[3] Further, Mr. Herink only provided this testimony late in the afternoon after he had already conceded earlier in the day that, during the reexamination, he was trying to ensure that the claims were "as broad as was justified" so as to "try to cover" vehicles sold by automotive companies. *See* Ex. A, Herink Tr. at 104:20-106:7.

3

> **of the original patent**. To do so, as the district court observed, **would be contrary to the reexamination statute, 35 U.S.C. § 305, which prohibits broadening claims on reexamination.**

*Id.* (emphasis added). The same logic applies here. Rydex should not be permitted to rely on dependent claims 39 and 40, added during reexamination, to enlarge the meaning of its original claims. For example, Rydex should not be permitted to enlarge the meaning of a "fluid container," which the specification confirms is simply a reservoir for storing fluid, to encompass internal vehicle fuel lines for transporting fuel to the engine. *See Anderson v. Int'l Eng'g & Mfg., Inc.*, 160 F.3d 1345, 1349-50 (Fed. Cir. 1998) (holding that claims were improperly enlarged in reexamination, and therefore invalid, because "the [original] patent specification . . . [did] not suggest or imply the broader concept now urged").

> **B.      The Court Is The Final Arbiter Of Patent Validity And The Patent Office Did Not Expressly Consider Whether The Added Claims Were Proper**

Rydex's next defense is an all too common refrain: the Patent Office looked at it and allowed it. *See* Reply at 6. But, "although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide, without deference to the ruling of the patent examiner." *Quad Environmental Tech. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991).[4] Where a court holds a patent claim invalid, it is not an indictment of the Patent Office, but a reflection of the different contexts: courts are closely examining often a single patent with great focus, while the Patent Office is reviewing thousands of patents, the vast majority of which are never enforced.[5] This concept applies with

---

[4] The very efficacy of the U.S. patent system requires the judiciary to rectify wrongfully issued claims that result in injustice when leveled against others in litigation. *See In re NTP, Inc.*, 654 F.3d 1268, 1279 (Fed. Cir. 2011) ("As Congress acknowledged, examiners have limited time to review each application and cannot be expected to fully address every possible issue before them.") (citing H.R. Rep. 107–120 (June 28, 2001) ("[T]he PTO examiner only has a few precious hours to review the application before she is required to make a decision on its grant.")).

[5] *See generally* Mark A. Lemley, *Rational Ignorance at the Patent Office*, 95 Nw. U. L. Rev. 1495 (2003) (arguing that it is entirely rational for the Patent Office to not exhaustively scrutinize every single patent when most are never enforced) (cited with approval by *Hyatt v. Doll*, 576 F.3d 1246, 1289 (Fed. Cir. 2009)).

particular force here, because patents can only be reexamined based on prior art, not other bases of invalidity, such as the failure of claims to be properly supported by a written description of the claimed invention. *See In Re NTP*, 654 F.3d at 1275-76.

Further, Rydex's argument that the Patent Office agreed with Rydex's assertion in its amendment papers that its new claims were supported by its original specification (*see* Reply at 6) is contrary to recent Federal Circuit precedent. *See In Re NTP*, 654 F.3d at 1279 (holding that the examiner had not actually determined claims were properly supported by a written description under 35 U.S.C. § 112 during reexamination where examiner had not issued a § 112 rejection or made an affirmative statement that the claims satisfied § 112). The Patent Office made no express finding on the issues now engaged. As such, there is nothing in the Patent Office record to take cognizance of or to benefit from – it is an issue to approach anew.

### C. Rydex's Added Dependent Claims Lack Support In Its Original Specification And Improperly Enlarged The Scope Of Rydex's Claims

At the heart of this issue, when claims 39 and 40 are actually put to the substantive test, Rydex cannot defend them. As described in Defendants' Technology Tutorial, Rydex's original patent described a system in which RFID technology was used to communicate between a refueling station pump and a person or vehicle for purposes of authorizing and memorializing a fluid delivery transaction. D.E. 297 at 11-14. In the patent, if the person or vehicle[6] was identified and authorized, a refueling pump located outside of the vehicle would transfer fluid into a vehicle fuel tank or other fluid storage tank. *Id*. The patent specification **never** describes the inner workings of or movement of fuel within a vehicle. Rydex does not dispute this. Yet, Rydex's added dependent claims 39 and 40 purport to twist its claims to apply to just such a system: *e.g.*, by redefining a "fluid container" to be vehicle fuels lines (or hoses) rather than a

---

[6] Although the patent contemplates a scenario where fuel is dispensed upon the identification of a *vehicle*, that embodiment is not the subject of the asserted claims in this lawsuit. Instead, the asserted claims require the identification of a *person*. *See* Resp., at 10-14; *see also* claim 22.

storage tank, by redefining a "memory key" to be "an ignition key," by redefining the fluid delivery system to be "a fuel pump of the vehicle," and by combining two separate elements to be "ignition switch control circuitry of the vehicle." *See* claims 39 and 40.

Rydex relies exclusively on a single sentence in the original specification to argue that these claims were supported by its original specification: "If the authorization code is correctly identified by the vehicle identification module as an authorized code, the operator will be allowed to start the engine and drive the truck tractor 12." *See* Reply at 8 (citing col. 3, ll. 47-50). This sentence, however, does not describe a fluid delivery transaction or describe in any way the subject matter that is claimed in the patent. Looking at the paragraph in which this sentence occurs, starting at col. 3, l. 41, the concept of a fluid delivery or fluid delivery transaction is not mentioned once. Indeed, this remains true through col. 4, l. 37. At that point, a new discussion begins with the introduction, "A refueling operation will **now** be described." Rydex cannot provide a single citation that relates to the appropriate context to support claims 39 and 40. None exists. *Not a single sentence in the entire specification* so much as even refers to a vehicle fuel pump, vehicle fuel lines leading to an engine, an ignition key, or ignition switch control circuitry—much less does it "show that the inventor actually invented the invention claimed." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc); 35 U.S.C. § 112, ¶ 1.

Further, Rydex's argument that during reexamination it cited to other support in the specification for the new claims is baseless. Reply at 6. Like the rest of the specification, none of the cited portions even use the words "fuel pump," "fuel lines," "ignition key," or "ignition switch control circuitry." Contrary to Rydex's assertion, Mr. Herink was unable to point to any support for these terms in the cited portions and had no choice but to repeatedly admit this fact

over and over again.[7]  Instead, he resorted to arguing that they were merely "suggested" or "implied" by the specification, which is insufficient under the law.[8]

Because Rydex's original claims and original patent description were entirely devoid of any technology that dependent claims 39 and 40 purport to cover, the claims added new matter and are, therefore, enlarging.  Contrary to Rydex's conclusory argument that Defendants have not identified any conceivable apparatus within the scope of the amended claim that would not have infringed the original patent, Defendants have done so precisely.  An apparatus controlling the movement of fuel within a vehicle would have never previously infringed claim 22 under a fair reading of the patent, but such an apparatus is now contemplated by claims 39 and 40 as a result of Rydex's improper and unfair actions during reexamination.[9]  It is only through these dependent claims that Rydex has any basis to contend that its patent in any way relates to a system for disabling an internal vehicle fuel pump.

## III.   CONCLUSION

To prevent Rydex's unfair and unjust attempt to claim technology it has no right to claim through its manipulation of the reexamination process, Defendants respectfully ask the Court to rule, as a matter of law, that Rydex's addition of claims 39 and 40 violated 35 U.S.C. § 305.

---

[7] *See, e.g.*, Ex. A, Herink Tr. at 112:12-114:17; 116:17-117:7; 119:8-11; 123:7-124:7; 124:19-21; 125:7-9; 126:12-20; 128:11-13; 129:4-6; 130:6-20; 131:17-23; 132:3-6; 133:2-4; 133:19-135:16; 136:7-15; 136:21-23; 138:6-9; 138:16-20; 139:3-140:1; 140:16-18; 141:9-11; 141:23-142:2; 142:13-143:8; 143:21-24; 147:18-148:16; 149:1-3; 149:10-12; 149:20-25; 150:9-152:20; 154:7-9; 154:19-22; 155:6-12; 155:25-157:6.

[8] *See id.*; *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1295 (Fed. Cir. 2002) ("The adequacy of the written description (i.e., the disclosure) is measured from the face of the application; the requirement is not satisfied if one of ordinary skill in the art must first make the patented invention before he can ascertain the claimed features of that invention."); *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998) ("In order for a disclosure to be inherent, … the missing descriptive matter must *necessarily* be present in the … specification such that one skilled in the art would recognize such a disclosure.") (emphasis added).

[9] Rydex again relies on a common argument of patentees desperate to save an invalid patent claim by contending that Defendants have not met the standard of "clear and convincing evidence." Reply at 7.  But no "evidence" other than the undisputed face of the patent and claims themselves is necessary to demonstrate the improper enlarging nature of claims 39 and 40.  As an issue of claim construction, this is a question of law for the Court.  *See* Resp. at 2 (citing *Creo Prods., Inc. v. Presstek, Inc.*, 305 F.3d 1337, 1344 (Fed. Cir. 2002)).

Dated: July 6, 2012

Respectfully submitted,

      /s/
Joseph M. Beauchamp
Texas Bar No. 24012266
S.D. Texas Bar No. 24263
Anna E. Raimer
Texas Bar No. 24072868
S.D. Texas Bar No. 1148442
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2712
Telephone: (832) 239-3939
Facsimile:  (832) 239-3600
Email: jbeauchamp@jonesday.com
aeraimer@jonesday.com

Joseph Melnik
State Bar No. 255601
JONES DAY
1755 Embarcadero Rd.
Palo Alto, CA 94303
Telephone: (650) 739-3939
Email: jmelnik@jonesday.com

*Counsel for Defendant American Honda Motor Co., Inc.*

        /s/
Raymond A. Kurz
District of Columbia Bar No. 358544
Celine J. Crowson
District of Columbia Bar No. 436549A
Robert J. Weinschenk
New York State Bar No. 4491940
Hogan Lovells US LLP
Columbia Square, 555 Thirteenth St. NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
E-mail: celine.crowson@hoganlovells.com
raymond.kurz@hoganlovells.com
robert.weinschenk@hoganlovells.com

Tom Bayko
Texas State Bar No. 01864500
Joshua James Newcomer
Texas State Bar No. 24060329
Hogan Lovells US LLP
700 Louisiana Street, Suite 4300
Houston, TX 77002-2712
Telephone: 713-632-1400
Fax: 713-632-1401
Email: tom.bayko@hoganlovells.com
Joshua.newcomer@hoganlovells.com

*Counsel for Defendants BMW of North America, LLC, and Mercedes-Benz USA, LLC*

       /s/
_____
Jeffrey K. Sherwood
Texas Bar No. 24009354
Frank C. Cimino, Jr.
District of Columbia 462406
Charles J. Monterio
District of Columbia 495483
Dickstein Shapiro LLP
1825 Eye St. NW
Washington, DC 20006
Telephone: (202) 420-3602
Facsimile: (202) 420-2201
E-mail: sherwoodj@dicksteinshapiro.com
ciminof@dicksteinshapiro.com
monterioc@dicksteinshapiro.com

*Counsel for Defendant Chrysler Group LLC*

      /s/
Eric A. Buresh
State Bar No. 19895
Jason R. Mudd
State Bar No. 57850
ERISE IP, P.A.
6201 College Boulevard,
Suite 300
Overland Park, KS 66211
(t) 913.777.5600
(f) 913.777.5601
eric.buresh@eriseip.com
jason.mudd@eriseip.com

*Counsel for Defendants Ford Motor Company and Mazda Motor of America, Inc. d/b/a Mazda North American Operations.*

       /s/
Charles Gorenstein
State Bar No. 28606
Ali M. Imam
State Bar No. 501304
Birch Stewart Kolasch and Birch LLP
2110 Gatehouse Rd., Suite 100 East
Falls Church, VA 22042
Telephone: (703) 205-8000
Facsimile: (703) 205-8050
E-mail: cg@bskb.com
ami@bskb.com

J. Chad Newton
State Bar No. 24041584
Jesse R. Pierce
Pierce &O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
Telephone: (713) 634-3606
Facsimile: (713) 634-3601
E-mail: cnewton@pierceoneill.com
jpierce@pierceoneill.com

*Counsel for Defendant Mitsubishi Motors North America, Inc.*

        /s/
Jeffrey J. Cox
Jeffrey S. Patterson
Hartline Dacus Barger Dreyer LLP
6688 N. Central Expressway, Suite 1000
Dallas, TX 75206
Telephone: 214-346-2100
Facsimile:  214-369-2118
Email: jcox@hdbdlaw.com
jpatterson@hdbdlaw.com

*Counsel for Defendant Nissan North America, Inc.*

                    /s/
David J. Beck
Texas State Bar No. 00000070
Michael E. Richardson
Texas State Bar No. 24002838
Beck, Redden & Secrest, LLP
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: mrichardson@brsfirm.com

Richard D. Kelly
State Bar No. 15024
Robert C. Mattson
State Bar No. 43568
Eric W. Schweibenz
State Bar No. 472519
John F. Presper
State Bar No. 422224
Lindsay J. Kile
State Bar No. 78686
Oblon, Spivak, McClelland,
   Maier & Neustadt, LLP
1940 Duke Street
Alexandria, VA 22314
Telephone: (703) 413-3000
E-mail: rkelly@oblon.com
rmattson@oblon.com
eschweibenz@oblon.com
jpresper@oblon.com
lkile@oblon.com

*Counsel for Defendants Subaru of America, Inc., and Toyota Motor Sales USA, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on July 6, 2012.

                                        /s/ Jason R. Mudd_____
                                          Jason R. Mudd