IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 4:11-CV-122 |
| v. | § § | |
| FORD MOTOR COMPANY, et al., | § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Defendants Toyota Motor Sales, USA, Inc. ("Toyota"), Subaru of America, Inc. ("Subaru"), Nissan North America, Inc., Ford Motor Company, and Mazda Motor of America, Inc. (collectively, "Defendants") file this sanctions motion against Plaintiff Rydex, Ltd. ("Rydex"), Counterclaim Defendant Michael C. Ryan ("Ryan"), and Rydex/Ryan's Counsel for violations of Rule 11(b)(1) and 11(b)(2) of the Federal Rules of Civil Procedure.

Rydex's frivolous claim construction and infringement positions violate Rule 11, rendering its patent infringement claims legally untenable, and reveal the improper purpose for which this suit was filed. Accordingly, Defendants respectfully request Rule 11 sanctions, including an award to Defendants by Rydex, Ryan, and Rydex's Counsel of all attorneys' fees and costs, and dismissal of Rydex's complaint with prejudice.[1]

**I.   NATURE AND STAGE OF THE PROCEEDING**

As this Court recognized in its December 7, 2012 *Markman* Order, Rydex purportedly owns U.S. Patent No. 5,204,819 ("the '819 patent") which is directed to "an apparatus for the

---

[1] Pursuant to Fed. R. Civ. P. 11(c)(2), on March 8, 2013, Defendants served Rydex, Ryan, and Rydex's Counsel with a copy of this motion by hand, and advised that unless Rydex's allegations of infringement against Defendants were voluntarily (and unconditionally) dismissed with prejudice within twenty-one (21) days, the motion would be filed.

exchange of security, identification and transaction information between a container, such as a vehicle fuel tank or other fluid storage tank, and a fluid delivery system, such as a fuel pump and fuel lines at a gas station." D.E. 331 at 1-2.

The series of events leading to this motion began in 2007 when Rydex/Ryan contacted Toyota regarding the '819 patent. On September 26, 2007, Rydex/Ryan sued Toyota and Toyota Motor Corp. for infringement of the '819 patent in the U.S. District Court for the Southern District of Iowa. *See* Ex. A hereto. They did so under a baseless infringement theory — that Toyota's vehicle anti-theft systems, contained entirely within the vehicle, infringed this commercial fuel exchange patent for delivering fuel between a gas station fuel pump and the fuel tank of a vehicle. *Id.* at 2-4. At that time, Toyota informed Rydex/Ryan that, not only did Toyota's systems not infringe, but that the '819 patent was invalid. *See, e.g.*, Exs. B-D attached hereto. Rydex/Ryan subsequently voluntarily dismissed its case. *See* Ex. E hereto.

In 2011, however, Rydex decided to try again with new (and current) counsel, filing the complaint here. D.E. 1 at 4-10. This time, Rydex sued nearly the entire automobile industry for the same alleged infringement of the '819 patent using the same baseless infringement theories — that a system contained entirely within a vehicle could infringe claims directed to a commercial fuel exchange between a gas station fuel pump and a vehicle. *Id.* at 5-10.

Rather than seek sanctions at the outset, Defendants gave Rydex an opportunity to recognize the unreasonableness of its claims. On June 23, 2011, just after filing their answer, certain Defendants, including Toyota and Subaru, filed an early summary judgment motion, making clear their claim construction and non-infringement positions, hoping this would provide Rydex with an opportunity to rethink the basis for its infringement allegations. D.E. 192-193. Rydex opposed the motion, calling it a "rush to judgment" and an "attempt[ ] to prevent any

discovery" before claim construction. D.E. 211 at 4, 5, 15. At Rydex's urging, on January 25, 2012, this Court denied the motion without prejudice to refiling the motion after claim construction. D.E. 275.

Still hoping to bring to light Rydex's inadequacies, beginning on at least February 17, 2012, Defendants began repeatedly expressing concern, alerting Rydex to the baselessness of its infringement contentions. *See* Rydex's Infringement Contentions (Ex. F hereto); Exs. G-H. Despite these warnings, Rydex continued to pursue its baseless infringement allegations, and managed to obtain settlements from several defendants who clearly hoped to settle for less than the cost of defending these allegations. *See, e.g.*, D.E. 128, 248, 262; Ex. P hereto. Still, even after the Court's recent *Markman* decision, Rydex maintains its assertions of infringement and in the pursuit of this frivolous matter has forced the Defendants to continue to needlessly expend significant resources in attorneys' fees to defend themselves. Accordingly, Defendants are left with no choice but to file this motion under Rule 11.

## II. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Issues:

(1) Whether Rydex's proposed constructions of the following claim terms are frivolous: (a) "fluid delivery transaction", (b) "fluid delivery system," and (c) "fluid container"; and

(2) Whether Rydex's infringement allegations based on its frivolous claim constructions of the above-noted terms are objectively unreasonable.

Standard of Review: Rydex's proposed constructions of the claim terms: (a) "fluid delivery transaction", (b) "fluid delivery system," and (c) "fluid container" (and thus its infringement contentions based on these terms) are frivolous under Rule 11 if no objectively reasonable litigant could believe based on all of the intrinsic evidence that such assertions would

3

succeed. *Raylon LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012) (reversing district court's denial of Rule 11 sanctions based on plaintiff patentee's frivolous claim construction arguments).

### III.  APPLICABLE LAW

Rule 11(b) provides in pertinent part that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances....
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; ....

The goal of Rule 11 is to "curb[ ] baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997). As recognized by the Federal Circuit, "[a] patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs – precisely the scenario Rule 11 contemplates." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Accordingly, Rule 11 is designed to "reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions." *Jenkins v. Methodist Hosps. of Dallas*, 478 F.3d 255, 263-64 (5th Cir. 2007.)

The language of Rule 11 makes transparent that both signing, filing, and submitting a baseless or improper paper, or later advocating it is sanctionable. Fed. R. Civ. P. 11(b). As recently noted by the Federal Circuit, Rule 11 requires counsel to "stop and think" before making legal or factual contentions. *Raylon LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361,

4

1367 (Fed. Cir. 2012) (citing 1993 Advisory Committee Notes on Rule 11); *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 732 F. Supp. 2d, 653, 666 (N.D. Tex. 2010) (vacated on other grounds); *Worrell v. GreatSchools, Inc.*, 2007 U.S. Dist. LEXIS 87344 at *6 (S.D. Tex. 2008). An attorney's duties do not stop after the filing of the relevant papers; rather, Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ." *Highmark*, 732 F. Supp. 2d at 666. This includes "oral statements that later advocate untenable contentions made in previously-filed papers...." *Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356, 1361-62 (Fed. Cir. 2003) (citing Fed. R. Civ. P. 11 Advisory Committee Notes.)

In determining whether the filing of a paper or the later advocating of a position violates any portion of Rule 11, regional circuit law applies. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). In the Fifth Circuit, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (*en banc*); *Raylon*, 700 F.3d at 1367-68 (applying Fifth Circuit law in conducting Rule 11 analysis). In other words, each filing or advocation of a position must be objectively reasonable. *Id.*

In patent infringement actions, Rule 11 applies to all legal arguments, including the complaint, claim construction positions, and infringement contentions. *Antonious*, 275 F.3d at 1072-74. Thus, under Rule 11(b)(1), the purpose of the positions advanced must not have been improper and, under Rule 11(b)(2), they must also be non-frivolous. *Id.*

IV. **ARGUMENT**

**A. Rydex Continues To Pursue Frivolous and Objectively Unreasonable Claim Construction and Infringement Positions**

To the detriment of Defendants and the Court, Rydex, Ryan, and Rydex's Counsel did not "stop and think" before asserting their allegations in this case. Rather, from the filing of the complaint, they pursued unreasonable infringement contentions based on frivolous claim constructions.

As confirmed by this Court's *Markman* ruling, the '819 patent is directed to a commercial exchange of fuel between a gas station fuel pump and the fuel tank of a vehicle. D.E. 331 at 1-2, 19-20, 23-28. Given this, Rydex was required, throughout the litigation, to support its unreasonable infringement allegations by relying on frivolous claim construction positions. More specifically, with regard to the preamble of claim 22, Rydex changed the cited "support" for its claim construction positions at least three separate times.

Initially, Rydex asserted that the disputed preamble limitations of claim 22, "fluid delivery transaction," "fluid container," and "fluid delivery system," required no construction/should be given its ordinary and customary meaning. *See* Ex. I hereto; D.E. 211 at 11, 13, and 14. Later, in an attempt to ensure that this "plain and ordinary meaning" was distorted to include Defendants' systems, Rydex relied solely on dependent claims obtained improperly during reexamination proceedings that Rydex initiated. D.E. 223 at 5-8; D.E. 301 at 8; D.E. 315 at 7, 9-10. Rydex's legally erroneous theory was that the subject matter of these later added dependent claims must be included in the "plain and ordinary meaning" to avoid excluding a claimed embodiment. *Id.*

It is well established that claim terms, when given their ordinary and customary meaning, are given the meaning that a person of ordinary skill in the art would apply *at the time of the*

*invention*, in the *context of the entire patent* (including the specification). *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*). In spite of this, Rydex repeatedly sought "plain and ordinary meaning" interpretations broad enough to encompass systems beyond the objectively reasonable scope of the '819 patent. Specifically, Rydex unreasonably asserted that the plain and ordinary meaning of the term "fluid delivery transaction" broadly encompassed "a transaction of fluid," or "an exchange of fluid from one place to another," despite the fact that every transaction described in the specification of the '819 patent occurs in a commercial context. D.E. 301 at 8; D.E. 315 at 9; D.E. 331 at 23-24; the '819 patent (Ex. J hereto at col. 2, ll. 21-23, col. 14 l. 68-col. 15 l. 3, col. 2, ll. 3-9, col. 1, ll. 15-26). In fact, the only support Rydex cited in support of a non-commercial exchange construction was claims 39 and 40 – claims that were not present *at the time of the invention*, that had no support themselves, and that are, in fact, invalid, having been improperly added in a broadening reexamination. D. E. 301 at 8; D.E. 315 at 9; D.E. 331 at 21. Also unreasonably, in light of the intrinsic evidence,[2] Rydex argued that the "plain and ordinary meaning" of "fluid container," described in the specification and by its own pleadings as a reservoir, would include the fuel lines of a vehicle. D.E. 301 at 8; D.E. 315 at 9-10; D.E. 331 at 25-26; the '819 patent (Ex. J hereto at col. 1, ll. 5-10); D.E. 154 at ¶ 20. Again, Rydex contended that this "plain and ordinary meaning" was supported solely by later-added claims 39 and 40. D.E. 301 at 8; D.E. 315 at 9-10. Finally, citing these same claims for support, Rydex unreasonably asserted that the "plain and ordinary meaning" of "fluid delivery system," contemplated in the specification as transferring fluid from an external source, could include the delivery of fuel entirely within a vehicle. D.E. 301 at 8; D.E. 315 at 10; D.E. 331 at 27-28; the '819 patent (Ex. J hereto at col. 1, ll. 55-58, col. 3, ll. 20-22, col. 4, ll. 37-40, col. 5, ll. 17-24).

---

[2] The prosecution history (without references) of the '819 patent is attached hereto as Ex. K. Defendants are not here making any argument regarding prosecution history estoppel or disclaimer based on the prosecution, but the history is provided for the Court's reference.

In response, Defendants cited well-settled case law establishing that support in construing an independent claim cannot be gleaned from later-added dependent claims. D.E. 309 at 6; *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1376 (Fed. Cir. 2009) (affirming Rule 11 sanctions). D.E. 315 at 3, 7-10. Rydex continued with its baseless assertions in the face of this case law, up and until the *Markman* hearing. As this Court illuminated, Rydex changed its position yet again at the *Markman* hearing, for the first time asserting that it was not relying on these later-added claims for support. *See* Ex. L hereto at 13; Ex. M hereto at 37, 44, 139. Having abandoned its earlier argument that the dependent claims supported its version of "plain and ordinary meaning," Rydex's Counsel pointed to one generic sentence of the specification in a paragraph that admits to being "described further below" and is followed by descriptions of commercial exchanges of fuel between a gas station fuel pump and the fuel tank of a vehicle. Ex. M hereto at 45-47, 140-141; the '819 patent, Ex. J hereto at col. 3, ll. 41-55.

As was made clear to Rydex by both Defendants and the Court, neither this sentence nor anything else in the specification supports a reading of claim 22 that would cover the flow of fuel entirely within a vehicle. D.E. 309 at 5-10; D.E. 331 at 1-2, 24-28. Rather, the entire specification of the '819 patent is directed to a commercial exchange between a gas station fuel pump and the fuel tank of a vehicle. D.E. 331 at 1-2, 24-28. Defendants maintain that no reasonable person reading this sentence in the context of the '819 patent would believe it to provide the support necessary to assert Rydex's claim construction and infringement positions.

Simply put, none of Rydex's ever-changing "support" for claim 22's preamble provided an objectively reasonable basis for its claim construction and infringement positions. No objectively reasonable litigant, given the clarity of the intrinsic evidence, would argue that the preamble of claim 22, in the context of the '819 patent, provides coverage of anti-theft systems,

wherein the flow of fuel is contained entirely within a vehicle. *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1329 (Fed. Cir. 2011) (Rule 11 sanctions appropriate where claim construction positions "border[ ] on the illogical" and "the specification exposes the frivolity" of those positions.) Nor did this "support" provide an objectively reasonable basis for Rydex's allegations of infringement. Rather, from the filing of its complaint it was objectively unreasonable for Rydex to pursue infringement allegations based on a patent claim directed to a commercial exchange between a gas station fuel pump and the fuel tank of a vehicle to read on a vehicle anti-theft system contained entirely within the vehicle.

The Federal Circuit recently considered a similar case. In *Raylon v. Complus Data Innovations*, plaintiff patentees asserted a broad construction of a claim term, relying only on a single sentence in the specification for support. *Raylon*, 700 F.3d at 1368-69. Like this Court, the Federal Circuit found that neither this sentence, nor any other intrinsic evidence supported the plaintiff's claim construction. *Id.* Rather, the specification continually contradicted this construction. *Id.* "This is a clear instance where no objectively reasonable litigant, relying on the single sentence in the specification to support its position, would believe its claim construction could succeed; therefore, Raylon's claim construction is frivolous and thus sanctionable under Rule 11(b)(2)." *Id.* at 1369.

Similar to *Raylon*, this was not a case where, what seemed to be a reasonable interpretation early on, was later found to be incorrect. Any objectively reasonable litigant could determine from the intrinsic evidence that the '819 patent relates to a commercial exchange between a gas station fuel pump and the fuel tank of a vehicle. D.E. 331 at 1-2, 24-28. Rydex's patent coverage was clear and its position was objectively unreasonable throughout the entire litigation — it was objectively unreasonable when it filed the complaint and when it continued

9

pursuit of the complaint after Defendants repeated warnings, forcing Defendants to expend significant resources in fulfilling their discovery obligations. It was objectively unreasonable when Rydex opposed Defendants' early summary judgment motion. It was objectively unreasonable when Rydex settled with several defendants who chose to pay Rydex rather than suffer the cost of defending against baseless litigation. Rydex's position was objectively unreasonable when it filed its claim construction briefs relying solely on later-added dependent claims in contravention of law, and when it presented its claim construction arguments at the *Markman* hearing repudiating its previous position and proffering a new one. And, Rydex's positions are still objectively unreasonable as it refuses to unconditionally dismiss this case with prejudice and plans to pursue a stipulation of non-infringement and appeal at the U.S. Court of Appeals for the Federal Circuit. *See* Ex. N hereto at 13-14.

In *Raylon*, the underlying district court recognized the impropriety of suits by plaintiffs (like Rydex) who make baseless allegations against successful corporations and entire industries in the hopes of reaching settlement for less than the cost of litigation. *Raylon LLC v. Complus Data Innovations*, No. 6:09-cv-355, slip op. at 5 (E.D. Tex. Mar. 9, 2011) (Ex. O hereto). "As expressed at the hearing, this Court has some concerns about plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking the case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts. Often in such cases, a plaintiff asserts an overly inflated damages model, seeking hundreds of millions of dollars, and settles for pennies on the dollar, which is far less than the cost of defense. Where it is clear that a case lacks any credible infringement theory and has been brought only to coerce a nuisance value settlement, Rule 11 sanctions are warranted." *Id.* Here, Rydex did just that. It sued nearly the entire

automobile industry based on objectively unreasonable infringement allegations which sought support from frivolous claim construction positions and recklessly abused the judicial system all in the effort to obtain nuisance settlements from the Defendants. In defending themselves from these baseless allegations, Defendants suffered great expense and respectfully seek to be justly compensated for those expenses.

### B. Rule 11 Sanctions are Appropriate

For the reasons explained above, Defendants respectfully assert that Rydex, Ryan, and Rydex's Counsel have violated Rule 11. Where Rule 11(b) is violated, Rule 11(c) provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Attorneys and clients may be held jointly and severally liable for filings not well-grounded in fact and "absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Judin*, 110 F.3d at 785; Fed. R. Civ. P. 11(c)(1).

A district court has broad discretion in imposing appropriate sanctions for Rule 11 violations. *Phonometrics*, 349 F.3d at 1366. Sanctions are appropriate because, as acknowledged by the Federal Circuit, "[a] patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs ...." *View Eng'g*, 208 F.3d at 986. In the Fifth Circuit, "the least severe sanction for a lawsuit that is wholly frivolous is the imposition of reasonable attorneys' fees and expenses." *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). Accordingly, Defendants request the attorneys' fees and expenses they have incurred from the outset of this litigation. This Court has previously found such awards necessary to deter future baseless filings. *See Worrell*, 2007 U.S. Dist. LEXIS 87344 at *10-11 (where defendant violated Rule 11 "exacerbated by his

convoluted attempts to justify his filing of frivolous claims" sanctions in the form of attorneys' fees were "necessary to fulfill Rule 11's primary objective of deterring baseless filings and streamlining the administration of justice.") Likewise, in this case, Defendants respectfully assert that such sanctions are both just and necessary.

## V.  CONCLUSION

For the reasons set forth above, Defendants respectfully request an immediate (and unconditional) dismissal with prejudice of Rydex's complaint. Defendants also request their attorneys' fees and expenses from the inception of this action from Rydex, Ryan, and Rydex's Counsel.

Dated:  April 5, 2013                                    Respectfully submitted,

/s/ Eric W. Schweibenz
Michael E. Richardson
Texas State Bar No. 24002838
Beck, Redden & Secrest, LLP
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: mrichardson@brsfirm.com

Richard D. Kelly
State Bar No. 15024
Robert C. Mattson
State Bar No. 43568
Eric W. Schweibenz
State Bar No. 472519
John F. Presper
State Bar No. 422224
Lindsay J. Kile
State Bar No. 78686
Oblon, Spivak, McClelland,
   Maier & Neustadt, LLP
1940 Duke Street
Alexandria, VA 22314
Telephone: (703) 413-3000
E-mail: rkelly@oblon.com
rmattson@oblon.com
eschweibenz@oblon.com
jpresper@oblon.com
lkile@oblon.com

*Counsel for Defendants Subaru of America, Inc., and Toyota Motor Sales U.S.A., Inc.*

/s/ Jeffrey S. Patterson
Jeffrey J. Cox
Jeffrey S. Patterson
Sean N. Hsu
Hartline Dacus Barger Dreyer LLP
6688 N. Central Expressway, Suite 1000
Dallas, TX 75206
Telephone: 214-346-2100
Facsimile: 214-369-2118
Email: jcox@hdbdlaw.com
jpatterson@hdbdlaw.com
shsu@hdbdlaw.com

*Counsel for Defendant Nissan North America, Inc.*

/s/ Jason R. Mudd
Eric A. Buresh
State Bar No. 19895
Jason R. Mudd
State Bar No. 57850
ERISE IP, P.A.
6201 College Boulevard
Suite 300
Overland Park, Kansas 66211
(t) 913.777.5600
(f) 913.777.5601
eric.buresh@eriseip.com
jason.mudd@eriseip.com

*Counsel for Defendants Ford Motor Company and Mazda Motor of America, Inc. d/b/a Mazda North American Operations.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on April 5, 2013.

                                              /s/ Michael E. Richardson  
                                                      Michael E. Richardson