IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: 4:11-CV-122 |
| | § | |
| v. | § | |
| | § | |
| FORD MOTOR COMPANY, *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## JOINT STIPULATION FOR ENTRY OF ORDER GRANTING JUDGMENT OF NON-INFRINGEMENT

This is a lawsuit for the alleged infringement of United States Patent No. 5,204,819 (the "'819 patent"). Plaintiff Rydex, Ltd. ("Plaintiff" or "Rydex") has asserted that Defendants Ford Motor Company, Toyota Motor Sales, USA, Inc., Nissan North America, Inc., Mazda Motor of America, Inc., and Subaru of America, Inc. (collectively, "Defendants")[1] infringe claims 22 and 38-40 of the '819 patent.

On December 7, 2012, the Court issued its Order (Doc. No. 331) construing certain disputed claim terms and finding certain claims invalid (the "*Markman* Order").

Plaintiff respectfully objects to and disagrees with the Court's rulings and conclusions in the *Markman* Order, including certain claim constructions and its findings that claims 39 and 40 are invalid. However, considering the Court's *Markman* Order, Plaintiff has concluded

---

[1] Plaintiff's Amended Complaint named the following additional defendants, all of whom have either settled or been dismissed: General Motors Company, Chrysler Group LLC, American Honda Motor Co., Inc., Mercedes-Benz USA, LLC, BMW of North American, LLC, Kia Motors America, Inc., Hyundai Motor America, Mitsubishi Motors North America, Inc., Saab Cars North American, Inc., and American Suzuki Motor Corp.

that the *Markman* Order precludes a finding of infringement. Accordingly, to avoid needless expenditure of the resources of the parties and the Court, the parties stipulate to the following facts and, and subject to their respective appellate rights, request that a final judgment of non-infringement be entered as follows:

    A.    Plaintiff has asserted claims 22 and 38-40 of the '819 patent against products of Defendants (the "Accused Products") in this matter.

    B.    Defendants' Accused Products do not infringe asserted claims 22 and 38-40, as construed by the Court in its *Markman* Order, for the following reasons:[2]

    1.    The Court construed the term "fluid delivery transaction" to mean "a commercial exchange involving delivery of fluid." *See Markman* Order (Doc. No. 331) at 22-24. The Accused Products, however, do not include "a commercial exchange involving delivery of fluid" because the starting of a vehicle does not relate to a commercial exchange. Therefore, based on the Court's construction of this term, Rydex stipulates that the Defendants' Accused Products do not meet the "fluid delivery transaction" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

    2.    The Court construed the term "fluid container" to mean "a reservoir for storing fluid." *See Markman* Order (Doc. No. 331) at 25-26. The Court also held that the term "fluid container" does not encompass "fuel lines." *See id*. at 19-20. The Accused Products' fuel lines, therefore, are not reservoirs for storing fluid, as construed by the Court. Therefore, based on the Court's claim construction, Rydex stipulates that the Defendants' Accused Products do not meet the "fluid container" limitation in Claim 22

---

[2] Defendants note that they do not infringe for numerous other reasons not listed in this stipulation and preserve all of their respective rights with regard to those positions.

and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

3. The Court construed the term "fluid delivery system" to mean "a system that transfers fluid from an external source to fluid containers," with the "external source" being external to the vehicle, rather than within a vehicle. *See Markman* Order (Doc. No. 331) at 26-28. The Accused Products, however, do not include a system that transfers fluid from an external source to the vehicle, rather than within a vehicle. Therefore, based on the Court's claim construction, Rydex stipulates that the Defendants' Accused Products do not meet the "fluid delivery system" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

4. The Court construed the term "information regarding the fluid delivery transaction is stored" to mean "information relating to a commercial exchange involving delivery of fluid is stored." *See Markman* Order (Doc. No. 331) at 44-46. The Accused Products, however, do not store information relating to a commercial exchange involving the delivery of fluid because the starting of a vehicle does not relate to a commercial exchange. Therefore, based on the Court's claim construction, Rydex stipulates that the Defendants' Accused Products do not meet the "information regarding the fluid delivery transaction is stored" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

C. In accordance with the Court's *Markman* Order, Defendants also cannot be liable for infringement of claims 39 and 40 because the Court has found them to be impermissibly broadened during reexamination proceedings and therefore invalid pursuant to 35 U.S.C. § 305. *See Markman* Order (Doc. No. 331) at 21.

D. Based on the foregoing facts and in light of the Court's *Markman* Order (which Rydex respectfully disputes), the parties stipulate, subject to their respective appellate rights, that Defendants' Accused Products do not infringe claims 22 and 38-40 of the '819 patent as construed by the Court.

E. The parties stipulate that all of Defendants' counterclaims should be dismissed without prejudice as moot, but further stipulate that such counterclaims may be reinstated by Defendants if the case is remanded to this Court for further proceedings. Plaintiff reserves all rights with respect to Defendants' defenses and counterclaims. Defendants reserve all rights with respect to any of Plaintiff's claims that remain on remand for further proceedings.

F. The parties shall have the same right of appeal they would have had in the event a final judgment of non-infringement had been entered following either a dispositive ruling by the Court or a jury verdict.

G. The parties stipulate that there is no just reason for delay in entry of final judgment and jointly request that the Court direct entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). A Proposed Order of Final Judgment is being filed concurrently herewith.

H. The Defendants reserve the right and currently intend to seek attorneys' fees and costs following entry of final judgment. Plaintiff disputes that Defendants are entitled to recovery of any attorneys' fees.

For the reasons set forth above, the Parties respectfully request that the Court enter a final judgment of non-infringement as set forth in the proposed order filed herewith.

Dated: May 21, 2013                                Respectfully submitted,

/s/ Stephen F. Schlather                        /s/ with permission
Stephen F. Schlather                              Eric A. Buresh
                                                                                State Bar No. 19895

Texas Bar No. 24007993
Collins, Edmonds, Pogorzelski,
Schlather & Tower PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Telephone: 713-364-2371
Fax: 832-415-2535
Email: sschlather@cepiplaw.com

*Counsel for Plaintiff Rydex, Ltd.*

Jason R. Mudd
State Bar No. 57850
ERISE IP, P.A.
6201 College Boulevard
Suite 300
Overland Park, Kansas 66211
(t) 913.777.5600
(f) 913.777.5601
eric.buresh@eriseip.com
jason.mudd@eriseip.com

*Counsel for Defendants Ford Motor Company and Mazda Motor of America, Inc. d/b/a Mazda North American Operations.*

/s/ with permission
Jeffrey J. Cox
Jeffrey S. Patterson
Sean N. Hsu
Hartline Dacus Barger Dreyer LLP
6688 N. Central Expressway, Suite 1000
Dallas, TX 75206
Telephone: 214-346-2100
Facsimile: 214-369-2118
Email: jcox@hdbdlaw.com
jpatterson@hdbdlaw.com
shsu@hdbdlaw.com

*Counsel for Defendant Nissan North America, Inc.*


/s/ with permission
David J. Beck
Texas State Bar No. 00000070
Michael E. Richardson
Texas State Bar No. 24002838
Beck, Redden & Secrest, LLP
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: mrichardson@brsfirm.com

Richard D. Kelly
State Bar No. 15024

Robert C. Mattson
State Bar No. 43568
Eric W. Schweibenz
State Bar No. 472519
John F. Presper
State Bar No. 422224
Lindsay J. Kile
State Bar No. 78686
Oblon, Spivak, McClelland,
  Maier & Neustadt, LLP
1940 Duke Street
Alexandria, VA 22314
Telephone: (703) 413-3000
E-mail: rkelly@oblon.com
rmattson@oblon.com
eschweibenz@oblon.com
jpresper@oblon.com
lkile@oblon.com

*Counsel for Defendants Subaru of America, Inc., and Toyota Motor Sales U.S.A., Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

May 21, 2013                                        /s/ Stephen Schlather
                                                                     Stephen Schlather