IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: 4:11-CV-122 |
| | § | |
| v. | § | |
| | § | |
| FORD MOTOR COMPANY, *et al.*, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

The Court having considered the parties' Joint Stipulation for Entry of Order Granting

Judgment of Non-Infringement hereby ORDERS the entry of final judgment as follows:

A.  Plaintiff has asserted claims 22 and 38-40 of the '819 patent against products of

Defendants (the "Accused Products") in this matter.

B.  Defendants' Accused Products do not infringe asserted claims 22 and 38-40, as

construed by the Court in its *Markman* Order, for the following reasons:[1]

1.  The Court construed the term "fluid delivery transaction" to mean "a

commercial exchange involving delivery of fluid." *See Markman* Order (Doc. No. 331)

at 22-24.  The Accused Products, however, do not include "a commercial exchange

involving delivery of fluid" because the starting of a vehicle does not relate to a

commercial exchange.  Therefore, based on the Court's construction of this term, Rydex

---

[1] The Court notes that Defendants contend they do not infringe for numerous other reasons not listed in their stipulation with Rydex and that Defendants have preserved all of their respective rights with regard to those positions.

has stipulated that the Defendants' Accused Products do not meet the "fluid delivery transaction" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

2.     The Court construed the term "fluid container" to mean "a reservoir for storing fluid." *See Markman* Order (Doc. No. 331) at 25-26.   The Court also held that the term "fluid container" does not encompass "fuel lines." *See id.* at 19-20.   The Accused Products' fuel lines, therefore, are not reservoirs for storing fluid, as construed by the Court.   Therefore, based on the Court's claim construction, Rydex has stipulated that the Defendants' Accused Products do not meet the "fluid container" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

3.     The Court construed the term "fluid delivery system" to mean "a system that transfers fluid from an external source to fluid containers," with the "external source" being external to the vehicle, rather than within a vehicle. *See Markman* Order (Doc. No. 331) at 26-28.   The Accused Products, however, do not include a system that transfers fluid from an external source to the vehicle, rather than within a vehicle.   Therefore, based on the Court's claim construction, Rydex has stipulated that the Defendants' Accused Products do not meet the "fluid delivery system" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

4.     The Court construed the term "information regarding the fluid delivery transaction is stored" to mean "information relating to a commercial exchange involving delivery of fluid is stored." *See Markman* Order (Doc. No. 331) at 44-46.   The Accused

Products, however, do not store information relating to a commercial exchange involving the delivery of fluid because the starting of a vehicle does not relate to a commercial exchange. Therefore, based on the Court's claim construction, Rydex has stipulated that the Defendants' Accused Products do not meet the "information regarding the fluid delivery transaction is stored" limitation in Claim 22 and therefore do not infringe claims 22 and 38-40 of the '819 patent, as construed by the Court.

C. In accordance with the Court's *Markman* Order, the Court finds that Defendants also cannot be liable for infringement of claims 39 and 40 because the Court has found them to be impermissibly broadened during reexamination proceedings and therefore invalid pursuant to 35 U.S.C. § 305. *See Markman* Order (Doc. No. 331) at 21.

D. Based on the foregoing facts and in light of the Court's *Markman* Order (which Rydex respectfully disputes), and subject to the parties' respective appellate rights, the Court finds that Defendants' Accused Products do not infringe claims 22 and 38-40 of the '819 patent as construed by the Court.

E. All of Defendants' counterclaims should be dismissed without prejudice as moot; however, such counterclaims may be reinstated by Defendants if the case is remanded to this Court for further proceedings. Plaintiff has reserved all rights with respect to Defendants' defenses and counterclaims. Defendants have reserved all rights with respect to any of Plaintiff's claims that remain on remand for further proceedings.

F. The parties shall have the same right of appeal they would have had in the event a final judgment of non-infringement had been entered following either a dispositive ruling by the Court or a jury verdict.

G. The Court finds no just reason for delay in entry of final judgment and directs

entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

      H.     Defendants have reserved the right to seek attorneys' fees and costs following entry of final judgment.   Plaintiff disputes that Defendants are entitled to recovery of any attorneys' fees.

IT IS SO ORDERED, ADJUDGED AND DECREED.

_Signed May 22, 2013_

_[signature]_

_United States District Judge_

_SDTX_